NEBRASKA WESLEYAN UNIVERSITY V. ANDREW BOWEN, ADMINISTRATOR.

FILED APRIL 19, 1905. No. 13,732.

Decedent's Estate: FILING CLAIMS. Even if *Fitzgerald v. First Nat. Bank*, 64 Neb. 260, shall not be adhered to, a county court ought not to permit a claim to be filed against the estate of a deceased person which is not presented until more than eight months have elapsed since the expiration of the time fixed by an order of the court for that purpose, in the absence of a showing of diligence and of unavoidable mistake or accident, or of fraud of a nature analogous to that which warrants the interposition of a court of equity to grant a new trial in ordinary cases.

ERROR to the district court for Saunders county: BENJAMIN F. GOOD, JUDGE. *Affirmed.*

*W. Bert Clark & L. E. Gruver,* for plaintiff in error.

*Simpson & Good, contra.*

AMES, C.

The facts in this case are thus recited in the brief of plaintiff in error:

"This is an action for permission to file a belated claim against the estate of Wm. Bowen, deceased, by the Nebraska Wesleyan University of University Place, Nebraska. William Bowen died intestate in Saunders county, Nebraska, on the 16th day of February, 1900. De-

cember 23, 1901, Andrew Bowen was appointed adminis-
trator of his estate by the county court of Saunders
county, Nebraska, and on the same day an order was
made fixing July 22, 1902, as the time for hearing claims
against said estate, and the time for filing claims was
limited within that time; that on the 22d day of July,
1902, said court made a finding that no claims were filed
against said estate.   Thereafter, on February 10, 1903,
the administrator filed his petition for final settlement of
said estate, which was set for hearing March 16, 1903.   On
March 14, 1903, two days prior to the date set for final
hearing, the plaintiff filed its application for leave to file
its claim against said estate, and have a day set for the
hearing of the same.   Later an amended petition and an
answer were filed, and hearing was had before the county
court, and said application to file claim was denied.
Whereupon plaintiff appealed to the district court, which
court, upon hearing, also denied the application of plain-
tiff, and thereupon plaintiff filed a motion for a new trial,
which was overruled, and the cause removed here on error
proceedings.   The issues were tried in the district court
on the same pleadings as were filed in county court."

It will be observed that at the time application was
made to file this claim more than eight months had
elapsed since the expiration of the time allowed for filing
claims against the estate of the decedent.   As a reason for
granting the leave prayed, the petition sets forth lack of
the statutory orders and notices which, however, the
records of the county court recite to have been regularly
made and given; and also avers lack of actual notice, be-
cause of ignorance of the death of the intestate and of his
place of residence at the time of his decease.   If these facts,
standing alone, are sufficient to justify an order extending
the time for proving debts, which we do not decide, they
must at least be accompanied by some proof of diligence
and of unavoidable mistake or accident, or of fraud of a
nature analogous to that which warrants the interposi-
tion of a court of equity to grant a new trial in ordinary

cases. The record of evidence preserved in the bill of exceptions falls far short of this requirement, and we are of opinion that the judgment of the trial court is fully sustained thereby. We therefore find it unnecessary to review *Fitzgerald v. First Nat. Bank,* 64 Neb. 260, which holds, by a divided court, that, in cases like the present, the county court is without jurisdiction to enlarge the time for filing claims in any circumstances. Even if after further consideration that decision should not be adhered to, it would by no means follow that the county court would be compelled, or even permitted, to set aside its orders barring claims upon mere application and as a matter of right. The most that could be held would be that the court should exercise a judicial discretion upon such occasions, which will not be interfered with on error or appeal except in cases of manifest error or abuse.

We recommend, therefore, that the judgment of the district court be affirmed.

LETTON and OLDHAM, CC., concur.'

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.