MERGENTHALER LINOTYPE COMPANY, APPELLANT, v. JAMES J. MCNAMEE ET AL., APPELLEES.

FILED JUNE 16, 1933. No. 28528.

*Davis & Vogeltanz,* for appellant.

*Hardenbrook & Misko, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ.

GOSS, C. J.

Plaintiff appeals from a judgment based on an instructed verdict for defendants McNamee. The cause of action was grounded upon a note, negotiable in form, signed by defendants James J. McNamee and Mike Mc-Namee, son and father, in favor of "The Ord Linotype School, Irl D. Tolen, Owner," for $1,163.50, dated No-

vember 20, 1929, due on demand, duly indorsed by Irl D. Tolen to plaintiff, who thus became the owner of it. The Ord Linotype School was a trade-name under which Tolen operated. There was judgment against Tolen, from which he did not appeal.

The McNamees pleaded (among other things alleged) and proved that the note was executed and delivered by them as makers and was received by the payee for tuition of James J. McNamee as a student in the Ord Linotype School; that at no time was a copy of the note delivered to either maker; and they alleged that said tuition note was void. This is the ground upon which the finding and judgment of the district court appear to be based, as indicated by the remarks and rulings of the court shown in the bill of exceptions.

In support of the allegation that the note is void, appellees rely upon sections 62-1708 and 62-1710, Comp. St. 1929. The first section declares: "It shall be unlawful for any proprietor, officer, agent or representative of any business college, or the business or commercial department of any school doing business within the state of Nebraska, or without the state when operating or soliciting within the state, to contract for or receive for tuition or scholarship a negotiable note or negotiable contract, except the said negotiable note or notes or negotiable contract shall have written or printed prominently and legibly and in bold type across the face thereof and above the signatures thereto, the words 'negotiable note given for tuition,' if a note, or the words 'negotiable contract note given for tuition and scholarship,' if a contract, and unless a copy of said instrument shall be delivered to the makers thereof at the time of signing the same." The other section provides: "Any note or contract taken by any business college, or the business or commercial department or any other school or by their agents or representatives, for tuition or scholarships, without first having complied with all of the provisions of this act (62-1708, 62-1709) shall be void."

The note is on a printed form devised by "The Ord Linotype School, Irl D. Tolen, Owner," which name of such payee is printed in bold Roman capitals.. Across the top are printed, also in Roman capitals, the words "Negotiable note given for tuition," as if intended in compliance with the call of section 62-1708. Each defendant McNamee testified he received no copy of the note. Mr. Tolen testified he made a practice of giving a copy to the maker, but did not remember this particular instance and therefore would not say positively that he gave a copy to either of the makers.

Assuming the validity of the act, the only question for consideration is whether the school comes within the terms of the act. The evidence shows that McNamee and other students were taught not only the mechanical operation of linotype machines but received instructions also in the subjects of spelling and the proper use of words in the English language. The argument of the plaintiff is to the effect that this does not bring its assignor within the meaning of the legislature in the statutes quoted. Modern business has so many branches that a legislature could not well catalogue its branches or the subjects to be taught in order to constitute a business college. The test is whether the Ord Linotype School is of the kind as evidenced by its character, conduct and purpose as to make it a business college or school within the contemplation of the legislature, keeping in mind the evident intent of the legislature to regulate those which "contract for or receive for tuition or scholarship a negotiable note." It is admitted that the note was received for tuition. The word "business" was evidently employed by the legislature in a popular and legal sense, making it applicable to any college or school giving instruction designed to fit its students to follow some particular employment as a means of livelihood or gain. A definition of the word given by Webster's New International Dictionary is "Any particular occupation or employment habitually engaged in, esp. for livelihood or gain." In

*Still College and Infirmary v. Morris,* 93 Neb. 328, the word "business" as used in section 42-203, Comp. St. 1929, relating to the right of a married woman to carry on trade or business, was so interpreted, the court saying: "The word 'business' is evidently used in this statute in a popular and legal sense, making it applicable to any particular employment, occupation, or profession, followed as a means of livelihood. Black, Law Dictionary; Webster's New International Dictionary; *Goddard v. Chaffee,* 2 Allen (Mass.) 395; * * * *Trustees of Columbia College v. Lynch,* 47 How. Pr. (N. Y.) 273; *Beickler v. Guenther,* 121 Ia. 419."

Taking into consideration the mischief intended to be remedied by the legislature, and the nature and purpose of the school, we are of the opinion from the evidence that the Ord Linotype School comes under the prohibition of the statute. It was a business college or school with its scope limited to one department of business instruction, by availing themselves of which its students expected to be fitted to earn a livelihood as linotype operators. A business college is one which teaches one or more of those specific branches of human endeavor intended to be used in an occupation as a means of livelihood. A school giving instruction in the manner of operating a linotype machine, in spelling and in English comes within the terms of sections 62-1708 and 62-1710, Comp. St. 1929, and is required to furnish to the makers a copy of a note received for tuition in such school; otherwise, the note is void.

Appellant undertakes to raise in this court the question of the constitutionality of the act relating to notes given for tuition in business colleges. This is a court of review. This question was not presented to the district court either in the pleadings or in the evidence received or tendered at the trial. The unconstitutionality of a statute cannot ordinarily be raised for the first time in the appellate court. It should be presented by pleadings, or in some other manner, in the trial court. *Pill v. State,* 43

Neb. 23; *Clearwater Bank v. Kurkonski,* 45 Neb. 1; *Batty v. City of Hastings,* 69 Neb. 511; *Farmers State Bank v. Nelson,* 116 Neb. 541; *McBride v. Taylor,* 117 Neb. 381. Under the circumstances, we decline to pass upon the constitutionality of the act involved.

The judgment of the district court is

AFFIRMED.