PAUL RHODES, APPELLANT, V. THE CONTINENTAL INSURANCE COMPANY, A CORPORATION, APPELLEE.

PAUL RHODES, APPELLANT, V. AETNA INSURANCE COMPANY, A CORPORATION, APPELLEE.

PAUL RHODES, APPELLANT, V. NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, A CORPORATION, APPELLEE.

141 N. W. 2d 415

Filed March 25, 1966.   Nos. 36068, 36069, 36070.

Paul Rhodes, pro se.

Haney, Walsh & Wall, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

SMITH, J.

Plaintiff brought these actions to recover on three fire insurance policies which provided that "No suit * * * shall be sustainable * * * unless commenced within twelve months next after inception of the loss." In each case the insurer demurred to plaintiff's petition on the ground of noncompliance with the clause of the contract. The district court sustained the demurrers and dismissed the petitions. Plaintiff has appealed, his assignments of error being common to the three cases.

Plaintiff commenced these actions February 7, 1963. A fire loss within policy coverage had occurred February 8, 1959. The quoted clause in defendants' contracts is a part of the 1943 New York standard fire insurance form, the limitation period being regulated by the following statutory language:

"No policy * * * of fire * * * insurance * * * shall be * * * issued * * * other than such as shall conform in all particulars as to * * * context, provisions, agreements and conditions with the 1943 Standard Fire Insurance Policy of the State of New York * * *." § 44-501, R. R. S. 1943.

Defendants' contracts were authorized notwithstanding incorporation of the standard policy in the statute by reference. The form has been enjoying wide currency. See, Olson Enterprises, Inc. v. Citizens Insurance Co., 255 Iowa 141, 121 N. W. 2d 510; 3 Richards on Insurance

(5th ed.), § 497, p. 1587. In connection with an antecedent standard this court said:

"The form * * * which the legislature adopted, known as the New York standard, is a definite and well-known form of contract. Its characteristics, terms and conditions * * * are familiar to all carrying on the business of fire insurance." State ex rel. Martin v. Howard, 96 Neb. 278, 147 N. W. 689. See, also, Scottish Union & National Ins. Co. v. Phoenix Title & Trust Co., 28 Ariz. 22, 235 P. 137.

The general statute specifying a 5-year limitation of actions on written contracts, section 25-205, R. R. S. 1943, yields to the reference statute. The chapter of the statutes in which adoption of the New York form is found also provides:

"No insurance company shall issue * * * any policy * * * containing * * * any provision limiting the time within which an action may be brought to less than the regular period of time prescribed by the statutes of limitations * * *, unless otherwise prescribed by this chapter." § 44-357, R. R. S. 1943.

In the construction of statutes on the same subject a special statute ordinarily controls a general one. Dawson County v. Whaley, 134 Neb. 509, 279 N. W. 164; Olson Enterprises, Inc. v. Citizens Insurance Co., *supra.*

Plaintiff insists that the reference statute violates Article III, section 14, Constitution of Nebraska, but a procedural irregularity shuts out consideration by us. He launched his objections in this appellate proceeding, or so we assume from the silent records. An attack upon the constitutionality of a statute cannot ordinarily originate in an appeal from the district court. Mergenthaler Linotype Co. v. McNamee, 125 Neb. 71, 249 N. W. 92.

The judgments were correct, and they are affirmed.

AFFIRMED.