PAUL RHODES, APPELLANT, v. THE CONTINENTAL INSURANCE COMPANY, A CORPORATION, APPELLEE.
PAUL RHODES, APPELLANT, v. AETNA INSURANCE COMPANY, A CORPORATION, APPELLEE.
PAUL RHODES, APPELLANT, v. NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, A CORPORATION, APPELLEE.
146 N. W. 2d 66

Filed November 4, 1966. Nos. 36068, 36069, 36070.

Paul Rhodes, pro se.

Haney, Walsh & Wall, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and NEWTON, District Judge.

SPENCER, J.

We affirmed judgments for the defendants in an

opinion appearing at *ante* p. 10, 141 N. W. 2d 415. In that opinion we refused to consider the unconstitutionality of section 44-501, R. R. S. 1943, because the record did not indicate the issue was raised in the district court. On rehearing herein, the plaintiff contended that the issue had been raised in the district court. The indication now is that the plaintiff orally raised it in his argument on the defendants' demurrers. Consequently, it is not reflected in any way by the pleadings or the record herein.

The issue of the statute of limitations appears from the face of plaintiff's petition. It was therefore properly raised by demurrer. This is a court of review. The rule that the unconstitutionality of a statute cannot be raised for the first time in this court requires that the issue be apparent from the pleadings or be evident from the record made in the trial court. If the plaintiff wished to inject the unconstitutionality of section 44-501, R. R. S. 1943, the proper procedure would have been to have amended his petition after the demurrers were sustained. By electing to stand on the sustaining of the demurrers, he has foreclosed the presentation of that issue in this court.

We adhere to our original opinion and judgments. Motion for rehearing overruled.

AFFIRMED.