**ROBERT SIMMONS CONSTRUCTION CO.,**
Inc., Appellant,

v.

**BIRMINGHAM FIRE INSURANCE
COMPANY, Appellee.**

Court of Appeals of Kentucky.

Dec. 16, 1966.

Rehearing Denied March 10, 1967.

Wilbur Fields, Louisville, for appellant.

Robert G. Breetz, Lively M. Wilson, Louisville, for appellee.

PALMORE, Chief Justice.

The appellant corporation, Robert Simmons Construction Co., Inc., was a prime contractor on a construction project. One of its subcontractors defaulted in payment of a supplier. The supplier, Powers Regulator Co., sued and obtained judgment against Simmons and its surety, National Union Fire Insurance Company, in the principal amount of $18,602 on their bond guaranteeing payment for all labor and materials furnished on the project. In Robert Simmons Const. Co. v. Powers Regulator Co., Ky., 390 S.W.2d 901 (1965), the judgment was affirmed as to Simmons and reversed for further proceedings on the claim against National Union. This appeal relates to subsequent proceedings in the circuit court.

The mandate pursuant to final disposition of the first appeal was issued June 4, 1965. In due course Powers moved for a judgment against Birmingham Fire Insurance Company, the present appellee, as surety on a supersedeas bond filed in connection with the first appeal. Including interest and the 10% damages provided by KRS 21.130, the aggregate amount then payable was slightly over $28,400. In responding to the motion Birmingham stated that it knew of no defense to the motion; that it had called upon Simmons to satisfy the judgment or to assert whatever defense it might have against the bond; and that it believed Simmons would claim the bond was invalid on the ground that Simmons had not authorized its execution. Birmingham objected to the entry of a judgment against it until the validity of the bond was determined.

At this point the record reflects some confusion, which bears mention only because a point is made of it in the brief for Simmons. Birmingham's response was served on August 4, 1965, with notice that it would be brought on for hearing on August 13, though on August 2 Birmingham had served a notice that on August 13 it would tender a judgment, thereto attached, which in substance recited that Birmingham had paid Powers and awarded judgment to Birmingham against Simmons in the same amount. Actually, Birmingham had not yet paid Powers and did not do so until August 18. On August 10 Powers served notice that on August 13 it would tender a judgment, as attached to the notice, awarding recovery by Powers against Birmingham and, upon payment thereof, by Birmingham against Simmons. Despite their inconsistency the trial judge signed both judgments.

■ As between the two judgments, obviously the one prepared by Powers and served August 10 is correct, as it is in accordance with the facts. Both having been entered the same day, it may be presumed that the correct superseded the incorrect one. The argument that because Birmingham tendered and caused to be signed an erroneous judgment reciting that it had paid Powers, Simmons somehow is entitled to relief from the correct judgment is simply incomprehensible. Surely it can be laid quietly to rest without further ceremony.

So far as the record discloses, Simmons did not make any written response to the motions for judgment by Powers and Birmingham. On September 8 and 10 orders were entered showing that Birmingham had satisfied the judgment in favor of Powers, filing an assignment from Powers to Birmingham dated August 18, and substituting Birmingham for Powers as plaintiff in the action. Then, on September 24, Simmons moved to set aside the various judgments and orders upon numerous grounds, one of which was that Simmons had neither pro-

cured nor authorized execution of the supersedeas bond. A supporting affidavit by Robert F. Simmons, president of the company, stated that he never had known the necessity for or existence of such a bond until after this court had rendered its opinion in the case.

A counter-affidavit by Wallace S. Lapham, manager of the Louisville office of National Union and Birmingham (an affiliate of National Union), presented copies of two letters written in November of 1961 by Hon. Alexander G. Booth, who at the time was representing both Simmons and National Union, in which he asked National Union to have one of its affiliated companies execute a supersedeas bond for both National Union and Simmons in order that Simmons might be spared the expense of paying for the bond. The bond was executed and filed on December 11, 1961.

In overruling Simmons's motion to set aside the judgments and orders in question the trial court made a determination of their finality in accordance with CR 54.02, and this appeal followed.

The supersedeas bond was filled out and signed for both Simmons and National Union "by Thomas W. Burks Atty." Mr. Burks was an associate of Mr. Booth. Birmingham, the surety, executed it through Mr. Lapham as attorney-in-fact. The tenor of Simmons's argument is that its attorneys had no authority to execute or procure execution of the bond, that Simmons therefore was not a party to it, and that in executing the bond as surety for Simmons and later satisfying the judgment against Simmons, Birmingham was a volunteer and is not entitled to indemnification.

■ That anyone might seriously believe law and justice to be so utterly estranged that Simmons could escape the judgment scot-free at Birmingham's expense defies credulity. The good faith of Birmingham is beyond question. If the attorneys did not have the requisite authority, Birmingham's exposure to liability re-

sulted from an honest mistake on its part. Where a person discharges an obligation owed by another, being induced by mistake of such a character that he is justly entitled to restitution, he is subrogated to the position of the obligee. Restatement, Restitution, §§ 162, 171. Quite aside from the supersedeas bond, Simmons was liable to pay the amount of the judgment anyway. To the party appealing, the only unfavorable aspects of a supersedeas bond are the expense of procuring a surety and the increased exposure of 10% as provided by KRS 21.130. Since the attorneys for Simmons undoubtedly were authorized to prosecute the appeal, it is our opinion that the procurement of a surety to supersede the judgment free of the expense of a premium or fee came within the legitimate scope of their authority.

The judgment is affirmed.