**ROBERT F. SIMMONS CONSTRUCTION COMPANY, Inc., Appellant,**

v.

**The AMERICAN STATES INSURANCE COMPANY, and National Union Fire Insurance Company of Pennsylvania, Appellees.**

Court of Appeals of Kentucky,

Feb. 16, 1968.

Rehearing Denied May 3, 1968.

Wilbur Fields, Louisville, for appellant.

Lively M. Wilson and Robert G. Breetz, Stites, Peabody & Helm, Robert C. Hobson and Kenneth L. Anderson, Woodward, Hobson & Fulton, Louisville, for appellees.

CULLEN, Commissioner.

This is the third time we have had before us an appeal in this litigation, which involves questions of liability as between the principal contractor on a building job, the surety on his bond, and the surety on a subcontractor's bond, for a default of the subcontractor in paying for materials. The two previous cases were Robert Simmons Construction Co. v. Powers Regulator Co., Ky., 390 S.W.2d 901, and Robert Simmons Construction Co. v. Birmingham Fire Insurance Co., Ky., 411 S.W.2d 479. In the stage of the litigation now on appeal Robert F. Simmons Construction Company (hereinafter "Simmons"), the principal contractor had sought to recover from The American States Insurance Company (hereinafter "American"), the subcontractor's surety, the amount paid by Simmons in satisfaction of a judgment in favor of Powers Regulator Company (hereinafter "Powers"), the materialman, for materials which Powers had furnished the subcontractor and for which payment had not been made. As an alternative, Simmons had sought to recover from his own surety, National Union Fire Insurance Company (hereinafter "National"), the amount paid on the judgment. Simmons is appealing from a judgment which denied recovery on both of his claims.

Simmons was the principal contractor on a school building job. National was the surety on his performance bond. Simmons subcontracted part of the work to one Roy C. Dillow, and Dillow executed to Simmons a performance bond on which American was surety. Dillow failed to pay for materials purchased from Powers, and went broke. Powers sued Dillow, American, Simmons and National. He recovered judgment against Dillow, Simmons and National (for some reason no ruling was made on his claim against American). Prior to entry of that judgment none of the defendants asserted any cross-claim for indemnity as to any possible recovery by Powers.

Simmons and National appealed the judgment obtained by Powers (Dillow was broke) and executed a single supersedeas bond on which Birmingham Fire Insurance Company was surety. That was the first appeal to this court. The judgment as to National was reversed but as to Simmons was affirmed. Birmingham, as surety on the supersedeas bond, was compelled to pay the judgment, and it in turn compelled Simmons to reimburse it. Simmons, after the decision affirming the judgment against him had been handed down but before he reimbursed Birmingham, had filed a cross-claim in the action, against American, seeking indemnity for any amount he might be compelled to pay Birmingham. After paying Birmingham, Simmons sought judgment on the cross-claim. The circuit court denied relief on the ground that the claim had not been asserted within the time limitation set forth in American's bond. Simmons also sought recovery on a cross-claim against National, on the theory that National had without authority of Simmons inserted his name on the supersedeas bond and thereby had improperly subjected Simmons to liability

on the supersedeas bond. (In connection with this point see the opinion of this court on the second appeal hereinbefore referred to.) The trial court rejected this claim on the ground that Simmons had authorized execution of the supersedeas bond (as held by this court on the second appeal).

▮▮ We shall first consider Simmons' claim against National. On this appeal Simmons has abandoned the theory of claim asserted in his pleadings, and has argued that since National and Simmons were named as co-principals in the single supersedeas bond, somehow National is liable for half of the judgment that was superseded, even though the judgment was *reversed as to National.* Not having pleaded such a claim (the pleaded claim was for recovery of the *whole* amount of the judgment), Simmons is not entitled to raise it on appeal. Bibbs v. Kentucky & Indiana Terminal Railroad, Ky., 300 S.W.2d 229. Furthermore, there is no merit in the argument. Plainly, Simmons was superseding the judgment as against him, and National was superseding the judgment as against it, and the mere fact that the bond was a single document is no ground for holding that both of the appellants jointly guaranteed payment of the judgment even if it were affirmed only as to one of them. We can conceive of no reason why they would want to so commit themselves.

In considering the claim against American it is necessary to refer to the terms of American's bond, particularly as concerns the matter of limitations. The bond ran to Simmons and stated that no right of action should accrue upon or by reason of it, to or for the use or benefit of anyone other than Simmons. It contained an express provision that "All suits at law or proceedings in equity to recover on this bond must be instituted * * * before the 1st day of July, 1959, unless the Surety shall have extended the time * * * in writing * * *." With knowledge of Simmons the time was extended by American to July 1, 1960.

Powers brought his suit against Dillow, American, Simmons and National on May 5, 1960. Simmons answered on May 26, 1960. Subsequently, on November 17, 1960, Simmons tendered a cross-claim against American for damages he had sustained by extra work required to complete Dillow's subcontract (this claim was unrelated to the Powers claim). No ruling was made on this. Much later, on September 20, 1965, and after the judgment against Simmons on Powers' claim had been affirmed on appeal, Simmons filed an "Amended and Supplemental Cross-claim" against American in which for the first time Simmons sought indemnity on the Powers' judgment. As hereinbefore stated, the circuit court held that the latter claim was too late. Also, the court denied recovery on the first cross-claim on the same ground.

▮ A time limitation in an insurance contract, though shorter than the statutory period, is not invalid if not *unreasonably* short. Burlew v. Fidelity & Casualty Co. of New York, 276 Ky. 132, 122 S.W.2d 990. Simmons does not contend that the time limitation fixed in the American bond was unreasonably short as compared with the statutory period. He contends that his cause of action did not *accrue* until he had *paid* the claim on which indemnity was sought, and that the bond limitation clause could not validly cut off the time for bringing suit before the right to bring suit had accrued. We may point out an inconsistency in Simmons' position on this, in that he did file his cross-claim for indemnity *before he paid the Powers judgment.*

▮ We think it is clear that Simmons could have asserted a cross-claim for indemnity in his original answer, which was filed well before the limitation period fixed in the American bond (as extended) ran out. Under the principle of Jackson & Church Division, York-Shipley, Inc. v. Miller Plumbing & Heating Co., Ky., 414 S.W. 2d 893, and Parker v. Redden, Ky., 421 S.W.2d 586, and under the provision of CR 13.07 that a cross-claim may embrace a

claim that the party against whom it is asserted is *or may be* liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant, the filing by Simmons of a cross-claim for indemnity was not required to await payment by Simmons of the liability on which indemnity was sought.

■ Simmons suggests that his cross-claim should relate back to the time Powers brought the action, under the holding in Modern Bakery, Inc. v. Brashear, Ky., 405 S.W.2d 742. The Brashear holding, which permits an amended pleading in certain conditions to relate back to the date of an original pleading, clearly applies only to the *same party's* original pleading. It does not mean that a defendant (as Simmons here) can relate *his* amended pleading back to the date of the *plaintiff's* pleading.

There is no way Simmons can claim a relation back to the date of Powers' complaint on a subrogation theory, because Simmons paid *his own* liability to Powers, not American's.

It would do no good to relate the 1965 cross-claim back to the date of the November 1960 cross-claim because it too was filed too late.

■ Simmons contends that because Dillow's subcontract was "annexed to the bond" (for all we know the *bond* was annexed to the *contract*) the limitation clause in the bond somehow was nullified. There can be no merit in that proposition. Of course the bond, whether or not "annexed" to the contract, insured performance of the obligations and the meeting of the liabilities imposed by this contract, but the bond put a time limit on suits to enforce that insurance.

It is our conclusion that the trial court correctly adjudged that both cross-claims against American were too late.

The judgment is affirmed.

All concur except STEINFELD, J., who did not sit.