HIRAM SCOTT COLLEGE, A CORPORATION, ET AL., APPELLANTS, v. INSURANCE COMPANY OF NORTH AMERICA, APPELLEE.

188 N. W. 2d 688

Filed July 23, 1971. No. 37868.

Wright, Simmons, Hancock & Hall, for appellants.

Holtorf, Hansen, Kortum & Kovarik and David C. Nuttleman, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

This was an action by the insured to recover on an insurance policy furnishing multiple coverages, including property damage. The particular coverage involved was for direct damage caused by fire and lightning. The property involved was an electric motor which was an integral part of the air conditioning system in the library-science building of the plaintiff college, located in Scottsbluff, Nebraska. The district court sustained defendant's motion for summary judgment and the plaintiff has appealed.

The policy period was October 1, 1965, to October 1, 1968. On September 21, 1968, during an electrical storm, the air conditioning unit in the building ceased operation. On the following morning, when the air conditioning equipment was manually turned on, it would not operate. The college did not sustain a power outage on September 21, 1968, and the only short or blown fuses affected on that date were on the compressor of the air conditioning unit involved. The director of services of the college determined that the air conditioning

season was substantially completed; that the air conditioning equipment was serviced by a company in Denver, Colorado, and checked each spring before the air conditioning season; and determined that it was not necessary to have it serviced twice, under the circumstances.

The following spring, in May 1969, when the air conditioning unit was serviced, it was discovered that an electric motor which was an integral part of the air conditioning system had a hole blown between the phase windings. The only evidence of damage was on the interior of the motor and there was no damage to the windings or any discoloration. In the opinion of at least one expert, the damage was caused by lightning.

The service mechanics replaced the motor, beginning May 18, 1969, and the cost was $3,648.39. Notice of loss was given to the defendant 2 days later on May 20, 1969. The defendant had an electrical engineer examine the damage, but this was not done until September 19, 1969. On January 29, 1970, the defendant notified the plaintiff that an electrical engineer had examined the damage and, from the facts developed, the damage appeared to have been an electrical failure or maintenance problem rather than lightning. On that date, the defendant advised the plaintiff that the claim would not be honored. Plaintiff filed this action on February 27, 1970.

The defendant filed a motion for summary judgment on the ground that the action was not filed within a period of 1 year from the date of the alleged loss and there was no genuine issue as to any material fact "on this issue." Plaintiff filed a cross-motion for summary judgment. The district court granted defendant's motion for summary judgment and plaintiff appealed from that judgment and from the denial of its own motion for summary judgment.

The policy, under Section 5, Statutory Conditions, provided: "No suit * * * shall be sustainable * * * unless commenced within twelve months next after inception

of the loss." The defendant relies on that provision as applied in Rhodes v. Continental Ins. Co., 180 Neb. 10, 141 N. W. 2d 415.

The insurance policy here, however, contains two additional provisions not involved in the Rhodes case. In Section E, Conditions, subsection 10, is the following language: "If by the laws of the state within which this policy is issued it is invalid to require that suit on this policy be commenced within 12 months of loss, then any suit or action on this policy for the recovery of any claim shall be void unless such action, suit, or proceeding be commenced within the shortest limit of time permitted by the laws of such state."

The last page of the 21-page policy provides: "The terms of this policy and forms attached hereto which are in conflict with the statutes of the state wherein this policy is issued are hereby amended to conform to such statutes."

Section 44-357, R. R. S. 1943, provides: "No insurance company shall issue in this state any policy or contract of insurance containing * * * any provision limiting the time within which an action may be brought to less than the regular period of time prescribed by the statutes of limitations of this state, unless otherwise prescribed by this chapter."

While there is no evidence here that the policy of insurance with which we are dealing is, or is not, the New York standard form, we must assume that it is. Since the New York standard form, as reflected in this policy, contains these provisions amending and conforming the policy to state statutes, the Legislature must have intended that such a policy would be subject to section 44-357, R. R. S. 1943, as well as to other conflicting provisions of our statutes. Any other interpretation of these multiple provisions would raise serious constitutional questions.

We therefore hold that a fire insurance policy legally issued in this state which contains a provision requiring

suit to be brought within 12 months after the inception of the loss, but which also contains provisions amending any terms of the policy which are in conflict with state statutes to conform with such statutes, is subject to the limitations set out in section 44-357, R. R. S. 1943.

Section 25-205, R. R. S. 1943, currently provides for a 5-year statute of limitations upon any agreement, contract, or promise in writing. The action here was brought well within the limitation period. Even if a 1-year statute of limitations were applicable, whether the facts here were sufficient to establish that the plaintiff knew, or reasonably should have known, of the loss prior to May 18, 1969, was at the least a material factual issue. The motion of the defendant for summary judgment should have been overruled.

The plaintiff on its appeal from the denial of its own motion for summary judgment contends that where both parties move for a summary judgment, the court is obligated to award summary judgment to one or the other. Plaintiff relies on Lesoing v. Dirks, 157 Neb. 183, 59 N. W. 2d 164. That case involved an interpretation of what constitutes good cause and is limited in its scope.

Section 25-1332, R. R. S. 1943, dealing with summary judgments, provides in part: "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." That fundamental requisite is not present here. One of plaintiff's own exhibits, signed by a representative of defendant, reasonably demonstrates that one expert was of the opinion that the loss here was not caused by lightning nor within the coverage of the policy. The only admission by defendant was that "if the damage was caused by lightning, the policy covers the damage," except as to certain defenses. The cause of the loss was clearly material, and

there was a genuine conflict of fact as to that issue.

We cannot accept the proposition that if counsel for one party inadvertently or mistakenly moves for a summary judgment to which he is not entitled, the opposing party by filing a cross-motion, even though it is also unwarranted, may have the cross-motion granted simply because both parties have moved for summary judgment. Such technical procedural traps are unsupportable. The necessary foundational basis for any summary judgment is the absence of any genuine issue of material fact. Summary judgment is an extreme remedy and should be awarded only when the issue is clear beyond all doubt. Any reasonable doubt touching the existence of a genuine issue of material fact must be resolved against the moving party. Storz Brewing Co. v. Kuester, 178 Neb. 135, 132 N. W. 2d 341. The requirements to sustain a motion for summary judgment are the same whether one party or both parties have moved for summary judgment. To the extent that Lesoing v. Dirks, 157 Neb. 183, 59 N. W. 2d 164, is in conflict, it is overruled. The plaintiff's motion for summary judgment was properly overruled.

The judgment of the district court is reversed and the cause remanded for further proceedings in accordance with this opinion.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

SMITH, J., concurring in part.

Plaintiffs attack the constitutionality of section 44-501, R. R. S. 1943. The section incorporates by reference the 1-year period of limitation of the New York standard fire insurance policy. Rhodes v. Continental Ins. Co., 180 Neb. 10, 141 N. W. 2d 415 (1966), motion for rehearing overruled, 180 Neb. 794, 146 N. W. 2d 66 (1966). The majority opinion reaches for the 5-year period prescribed by section 25-205, R. R. S. 1943. According to it, (1) the Rhodes case is distinguishable by two paragraphs of defendant's policy and (2) the statutory con-

struction justifiably allows the court to avoid the constitutional issues.

The two paragraphs of defendant's policy are immaterial in that they do not attempt to decrease the 1-year period. They or their equivalents are present is most policies written in Nebraska. They become a device for the majority opinion to inter the Rhodes case without an autopsy or certificate of cause of death.

I am puzzled by a rule of construction announced in the majority opinion. The rule comes to this: To avoid a decision on the constitutionality of section 44-501, R. R. S. 1943, to the extent that it prescribes the 1-year period, the court simply eliminates the language from the statute.

Construction and application of the 1-year period among the states have not been uniform. See, A. B. A., Section of Insurance, Negligence and Compensation Law, Annotation of the Fire Insurance Policy, 217 (1970); 3 Richards on Insurance, 1876 to 1879 (5th Ed., 1952). We ought not to compound problems by appearing to falter between the 1 and 5 year periods.

I concur that a genuine issue of material fact exists regarding the commencement of the 1-year period.

BOSLAUGH, J., concurring.

This action involved a "School-College Policy" which insured against multiple risks. Although the policy contained a 12-month limitation provision in Section I, Conditions, it also contained the additional provisions set out in the opinion of this court, one of which also is contained in Section I, Conditions, and the other in conditions applicable to the entire policy. It seems to me that the proper interpretation of the policy in suit is that the insurer waived the benefit of the 12-month limitation provision by inserting the additional provisions in the policy, and that Rhodes v. Continental Ins. Co., 180 Neb. 10, 141 N. W. 2d 415, has no application to this case.