Clifton WEBB, Appellant,

v.

**KENTUCKY FARM BUREAU INSURANCE COMPANY, Appellee.**

Court of Appeals of Kentucky.

Sept. 15, 1978.

Rehearing Denied Nov. 10, 1978.

Discretionary Review Denied March 13, 1979.

H. Garland Wells, Hazard, for appellant.

Hoover Haynes, Hazard, for appellee.

Before WHITE, HOGGE and PARK, JJ.

WHITE, Judge.

This is an appeal from an order of the Perry Circuit Court dismissing the appellant's action to recover for fire loss under his homeowner's policy because the action was not brought within 12 months of the inception of the loss. The issue presented by this appeal is whether the provision in the policy containing the one-year limitation on the commencement of actions is in conflict with the general statute of limitations on actions on written contracts found in KRS 413.090(2).

The appellant's residence and all its contents were destroyed by fire on April 20, 1976. On April 27, 1977, appellant filed suit to recover for this loss under his homeowner's policy with the appellee. Thereafter, the appellee moved the circuit court to dis-

miss for failure to timely file the action, and the court, relying on the policy's one-year limitation, granted the motion on November 22, 1977.

The provisions of the policy which are relevant to the appeal provide that:

(1) No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after the inception of loss.

(2) Modification of Terms: The terms of this policy which are in conflict with the statutes wherein this policy is issued are hereby amended to conform with such statutes.

KRS 413.090(2), the statutory section that appellant alleges is in conflict with the one-year policy limitation, allows a fifteen-year period in which to bring an action on a written contract.

█ It is the appellant's contention that his suit was timely filed because the modification of terms provision requires that the policy be amended to adopt the longer statutory period of limitation.

We are of the opinion that the resolution of this appeal turns on what construction we give the phrase "in conflict" in the modification of terms provision. The appellant argues that a policy limitation must only call for a shorter period of time than the statute of limitations in order to be in conflict with it. The appellee contends that there must be a statute specifically proscribing the contractual shortening of the statutory limitation before there can be a conflict. As the following discussion will demonstrate, we believe the appellee is correct.

Our research discloses that during the last century a principle began to develop that where there is no statute prohibiting the contractual shortening of statutory periods of limitation, that contractual limitations are valid and not in conflict with statutes prescribing longer periods of limitation. The United States Supreme Court first stated this principle in *Riddlesbarger*

*v. Hartford Insurance Company,* 7 Wall. 386, 74 U.S. 386, 19 L.Ed. 257 (1868). In upholding a one-year limitation imposed by a fire insurance policy, the Court held that as the purpose of statutes of limitation is to encourage the prompt assertion of legal claims, and since there is nothing in their language nor inherent in their purpose which prevents parties from agreeing to a shorter period of limitation, a contractual provision with such a limitation is valid. In *Lee v. Union Central Life Insurance Co.,* 22 Ky.L.Rptr. 1712, 56 S.W. 724 (1900), the Court of Appeals followed this reasoning in upholding another one-year contractual limitation.

Although stated inversely, a more recent example of this principle is found in the decisions in *Hiram Scott College v. Insurance Co. of North America,* 187 Neb. 290, 188 N.W.2d 688 (1971) and *Wulf v. Farm Bureau Ins. Co. of Nebraska,* 190 Neb. 34, 205 N.W.2d 640 (1973). There, the Nebraska Supreme Court considered insurance policy provisions calling for a shorter limitation period than provided for by statute and a modification of terms provision similar to the one found in the case before us. The Court held that because there was a specific statute proscribing the shortening of statutory periods of limitation by contract, contractual clauses containing such limitations were in conflict with the proscription statute and thus against the public policy of Nebraska. The Court concluded that, because of the conflict, these limitation clauses were amended by the modification of terms provision so as to conform with the Nebraska statute of limitations for actions on insurance contracts.

In Kentucky, there is no statute proscribing contractual shortening of limitation periods. In fact, there is a provision in the Insurance Code, KRS 304.14–370, which allows foreign insurers to limit actions against them to one year. While we do not believe this provision is conclusive as to the question before us, we are of the opinion that a statutory provision which allows an insurer to limit an action against it certainly indicates that the public policy of Kentucky favors such limitations.

In addition to the code provision, there is a solid line of case law in Kentucky that upholds the validity of contractual terms that provide for shorter limitation periods than the general statute of limitations. In *Burlew v. Fidelity and Casualty Co. of N. Y.*, 276 Ky. 132, 122 S.W.2d 990 (1938), after concluding that the federal court judgment was res judicata as to the question of whether the insurance company was estopped from asserting the policy's one-year limitation period, the court went on to overrule a previous decision holding that the public policy of Kentucky was against any change in the statutory period of limitation. The Court held that any reasonable shortening of the statutory period was in the public interest, and so long as it was reasonable, such limitation would be enforced. In *Johnson v. Calvert Fire Insurance Co.*, 298 Ky. 669, 183 S.W.2d 941 (1944), the Court, in upholding a twelve-month limitation, cited with approval the *Burlew* opinion and allowed that their research had shown that, absent an inhibitive statute, a limitation for a period shorter than that provided by the statute could be legally written into the policy. The recent decisions in *Stansbury v. Smith*, Ky., 424 S.W.2d 571 (1968) and *Robert F. Simmons Construction Company v. American States Insurance Co.*, Ky., 426 S.W.2d 441 (1968), have been to the same effect.

■ While we agree with the appellant's assertion that the benefit of the doubt should be given to the insured whenever more than one reasonable construction can be given a policy provision, we believe that the modification of terms provision in this policy is susceptible only to the meaning we have given it. The appellant has also contended that the authorities cited by appellee only address themselves to policies where there is no modification of terms provision. However, it is our opinion that the early cases, which first established the principle that absent an inhibitive statute contractual limitations were permissible, and the Nebraska cases that construed a modification of terms provision similar to the one before us, as well as the Kentucky authorities we

have discussed, provide a sound basis for our decision.

The judgment is affirmed.

All concur.