[No. 1839-1.    Division One.    December 28, 1973.]

SIGNAL INSURANCE COMPANY, *Appellant*, v. EDWARD WALDEN, *Individually and as Guardian*, *Respondent*.

*Lane, Powell, Moss & Miller* and *David C. Lycette,* for appellant.

*Riach, Gese, Seather & Mueller* and *Vern J. Seather,* for respondent.

WILLIAMS, J.—This is an appeal from a judgment of dismissal in an action brought by Signal Insurance Company against Edward Walden and Carroll W. Walden, for a declaration that a 1-year limitation provision upon uninsured motorist coverage in an automobile insurance policy which it had issued, was valid.

The agreed facts are that Carroll W. Walden, the minor son of Edward Walden, was injured when an automobile in which he was riding as a passenger, and which was owned by Edward D. Parris, collided with another automobile being driven by Marvin M. Johnson. Signal's insurance policy had been issued to Parris and extended protection to young Walden if his injuries were caused by an uninsured motorist. After the accident, the driver of the other vehicle, Johnson, was hospitalized for a short period and then absented himself from the state without filing an accident report with the Department of Motor Vehicles, as required by RCW 46.52.030. Investigators employed by both parties made concerted efforts to locate Johnson without success. By the time the Waldens took affirmative action against Signal, more than 1 year had elapsed.

The basis of Signal's contention that it is not liable to the Waldens is the following limitation in the uninsured motorist section of the policy:

No cause of action shall accrue to the insured under this Part unless within one year from the date of the accident:
(1) Suit for bodily injury has been filed against the uninsured motorist, in a court of competent jurisdiction, or

(2) Agreement as to the amount due under this Part has been concluded, or

(3) The insured has formally instituted arbitration proceedings.

The trial court declared that the 1-year limitation was invalid because it was against public policy and, also, was inapplicable during the minority of young Walden. The court also concluded that the diligent although unsuccessful search for Johnson gave rise to the presumption that he was uninsured.

■ The statute requiring uninsured motorist coverage is RCW 48.22.030, and reads in part:

On and after January 1, 1968, no new policy or renewal of an existing policy . . . shall be delivered or issued for delivery in this state with respect to any motor vehicle . . . unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in RCW 46.29.490, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom, except that the named insured may be given the right to reject such coverage . . .

Signal's contention is that because the insured may reject the uninsured motorist coverage when the policy is offered, that section may be limited, or eliminated entirely, by bargaining of the parties.

The contract consists of four pages measuring 8½ x 11 inches, upon which are printed over 12,000 words. According to Signal's counsel, the forms are printed in the millions. Only the facsimile signature of Signal's president and secretary appear; the insured's name is not in the contract. There is no room for change by interlineation, and one of the conditions of the policy is that such change must be made by an endorsement issued by the company. A declaration page, not in the record, is incorporated by reference. Apparently, the particular coverage of the policy can be ascertained by the charges entered on this page. There is

nothing in the record which suggests that the 1-year limitation in the uninsured motorist section of the policy is in any way negotiable. The conclusion is inescapable that the protection afforded against an uninsured motorist is to be accepted or rejected by the insured as a package. *See* 7 J. Appleman, *Insurance Law and Practice* § 4331 (Supp. 1972).

██ RCW 48.22.030 was enacted for a purpose, and that purpose has been described by the Supreme Court in *State Farm Mut. Auto. Ins. Co. v. Bafus*, 77 Wn.2d 720, 723, 466 P.2d 159 (1970), as follows:

> Recovery for personal injuries arising from a tortious act or omission in connection with owning or using an automobile is allowed at law to enable an injured party to obtain in money recompense for whatever damages he incurred as a proximate result of the tort. When he receives this amount, he is in law made whole insofar as money can make him so. Protection against torts inflicted by uninsured motorists in connection with the use of an automobile accomplishes this to the extent of the specified coverage. A motorist is deemed uninsured if he has no liability insurance at all or his insurance company is insolvent and unable to respond in damages to the extent of the plaintiff's uninsured motorist clause limits. *Tsapralis v. Public Employees Mut. Cas. Co.*, 77 Wn.2d 581, 464 P.2d 421 (1970). The insurance carrier which issued the policy stands, therefore, in the shoes of the uninsured motorist to the extent of the carrier's policy limits.

The application of the statute was before the Court of Appeals in *Brummett v. Grange Ins. Ass'n*, 4 Wn. App. 979, 981, 485 P.2d 88 (1971). There it is said:

> The public policy thus expressed by the legislature imposes an obligation upon insurers to provide protection to their insureds against loss caused by wrongful conduct of an uninsured motorist. Any limiting language in an insurance contract which has the effect of providing less protection than that made obligatory by the above statute would be contrary to the public policy as expressed, and of no force and effect.

The 1-year limitation in the uninsured motorist section of the policy inhibits the fulfillment of the public policy that a

claimant shall have the same rights in an uninsured motorist situation as he would have against a responsible third party.

An attempt by the insurer to dilute or diminish uninsured motorist statute protection is contrary to public policy.

*Indiana Ins. Co. v. Noble,* 265 N.E.2d 419, 426 (Ind. App. 1970). *Accord, Nixon v. Farmers Ins. Exch.,* 56 Wis. 2d 1, 201 N.W.2d 543 (1972). *See also* Annot., 25 A.L.R.3d 1299 (1969).

█ The next question is whether the trial court was correct in finding that Johnson was an uninsured motorist. We believe that it was reasonable for the court to draw this inference from the facts presented. As has been seen, the legislative purpose in establishing uninsured motorist protection was to give needed relief to injured parties through insurance paid for by the insured. The relief should be available when it is proved that the offending motorist does not have insurance which is available for the protection of the injured party. *Brown v. Progressive Mut. Ins. Co.,* 249 So. 2d 429 (Fla. 1971); *State Farm Mut. Auto. Ins. Co. v. Bafus, supra.* One way to prove the unavailability of liability insurance is to show that all reasonable efforts have been made to ascertain its existence, without success. *State Farm Mut. Auto. Ins. Co. v. Matlock,* 462 S.W.2d 277 (Tex. 1970).

The judgment is affirmed.

SWANSON, C.J., and FARRIS, J., concur.

Petition for rehearing denied March 20, 1974.

Review denied by Supreme Court May 21, 1974.