Billy J. SCALF, Appellant (Plaintiff Below),

v.

GLOBE AMERICAN CASUALTY COMPANY, Appellee (Defendant Below).

No. 4–282A35.

Court of Appeals of Indiana, Fourth District.

Nov. 17, 1982.

Rehearing Denied Dec. 15, 1982.

Transfer Denied March 9, 1983.

Kent M. Frandsen, Parr, Richey, Obremskey & Morton, Lebanon, for appellant.

Samuel A. Fuller, Richard L. Fairchild, Stewart, Irwin, Gilliom, Fuller & Meyer, Indianapolis, for appellee.

YOUNG, Presiding Judge.

Billy J. Scalf appeals a negative judgment in a suit brought against his insurance carrier Globe American to enforce the uninsured motorist clause of his automobile insurance policy. On appeal, he argues that the trial judge erred in upholding a policy provision requiring an uninsured motorist claim to be commenced within twelve months of the date of the loss.

We reverse.

On December 31, 1978, Scalf was a passenger in a taxi when it was hit in the rear by an auto which was owned and operated by an uninsured motorist. As a result of this collision, Scalf was injured and was totally disabled for several months. Scalf was insured under a Globe American auto policy purchased by his wife. This policy contained an uninsured motorist provision. On March 26, 1979, Scalf's attorney wrote a letter to Globe American asserting a claim under the uninsured motorist provision.

The attorney enclosed a copy of the police report in the letter and made an inquiry concerning the proper way to process such a claim. Globe American did not respond;[1] therefore, on September 26, 1979, Scalf sent another letter noting Globe American's failure to respond and asking if Globe American wanted him to file a request for arbitration. On October 4, 1979, Globe American sent a letter stating that certain items were necessary before a valid claim existed.[2] On February 29, 1980, Scalf submitted the necessary information. Globe American denied the claim relying upon a policy provision requiring either arbitration or legal action to be initiated within twelve months of the date of loss.[3] Scalf filed a complaint and a motion for summary judgment on the provision. The court denied Scalf's motion for summary judgment indicating the policy provision was valid. On September 24, 1981, the jury heard the evidence and returned a verdict in favor of Globe American.

On appeal, Scalf contends the court erred in determining that the limitation provision was valid. He claims that such a limitation is contrary to the public policy of the uninsured motorist statute, and that absent express statutory authority, such a limitation is contrary to law. Ind. Code 27–7–5–1, in effect at the time of this accident,[4] provided in part:

No automobile liability or motor vehicle liability policy or insurance insuring against loss resulting from liability imposed by law for bodily injury or death

1. Clerical error was identified as the reason for no response.

2. The following were listed as necessary items:
   1. Proof that yellow cab did not carry uninsured motorist coverage.
   2. Proof that the cab driver and the vehicle he was driving were not protected by liability insurance.
   3. Accident report.
   4. Proof of inquiry and verified special damages.
   5. Proof that Scalf did not have uninsured coverage under any other policy carried by himself, his wife or any relative of either residing in the same household.

3. The policy provision provided:
   *Action Against the Company:* No suit or action whatsoever or any proceeding instituted or processed in arbitration shall be brought against the company for the recovery of any claim under this coverage unless as a condition precedent thereto, the insured or his legal representative has fully complied with all of the terms of the policy and unless same is commenced within twelve months next after the date of the accident.

4. In 1982, Ind.Code 27–7–5–1 was repealed and replaced with Ind.Code 27–7–5–2, 4, 6.

suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state, unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in Acts 1947, chapter 159, sec. 14, as amended heretofore and hereafter, under policy provisions approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom.

Provided, That the named insured shall have the right to reject such coverage (in writing) and Provided further, That unless the named insured thereafter requests such coverage, in writing, such coverage need not be provided in or supplemental to a renewal policy where the named insured has rejected the coverage, in connection with a policy previously issued to him by the same insurer.

The purpose of the statute is to afford the same protection to a person injured by the uninsured motorist as he would have enjoyed if the offending motorist had himself carried liability insurance. *Bocek v. Inter-Insurance Exchange of Chicago Motor Club,* (1977) 175 Ind.App. 69, 369 N.E.2d 1093. Thus, any limiting language in the insurance contract which has the effect of providing less protection than that made obligatory by the above statute would be contrary to the public policy, and of no force and effect.[5] See *Indiana Insurance Co. v. Noble,* (1970) 148 Ind.App. 297, 265 N.E.2d

419; *Signal Insurance Co. v. Walden,* (1973) 10 Wash.App. 350, 517 P.2d 611. We also recognize that this statute is to be liberally construed to accomplish its remedial purpose.

With the above in mind, we hold the one-year limitation in the uninsured motorist section of Globe American's policy inhibits the fulfillment of the purpose that a claimant should have the same rights as he would have against an insured third party. This provision is an attempt by the insurer to dilute and to diminish the protection of the uninsured motorist statute. As such, it is contrary to public policy.[6] *Indiana Insurance Co., supra.* A similar result was reached in *Burgo v. Illinois Farmers Insurance Company,* (1972) 8 Ill.App.3d 259, 290 N.E.2d 371 when a one-year limitation clause in an arbitration provision was found to be void as contrary to public policy. *See also, Sandoval v. Valdez,* (1978) 91 N.M. 705, 580 P.2d 131; *Signal, supra;* however, compare *Colvin v. Globe American Casualty Company,* (1982) 69 Ohio St.2d 293, 432 N.E.2d 167.

Globe American argues that the policy is not a dilution of protection and that the protection relates to money and not procedure. We disagree. *Bocek, supra* supports our conclusion. In *Bocek,* the plaintiff sought to expand her time to recover against the insurer beyond the statutory two-year time period in a wrongful death action. The court determined that the contract statute of limitations was inapplicable noting that, if Bocek were allowed to sue under the ten-year contract limitation, it would in effect be giving a greater right than would have been available to her were the tortfeasor covered by ordinary liability insurance. Thus, the *Bocek* court deter-

5. An uninsured motorist endorsement that contravenes the requirement of the statute is, to that extent, invalid regardless of the insurance department's approval of it. *Indiana Insurance Co., supra.* Thus the commissioner's approval, alone, will not save the provision.

6. Our finding that the provision is contrary to public policy and the purpose of the statute distinguishes this case from the fire policy case of *C.A. Enterprises, Inc. v. Employers Commer-*

*cial Union Insurance Company of America,* (1978) 176 Ind.App. 551, 376 N.E.2d 534 which upheld a limitation. A one-year limitation upon bringing an action in an insurance contract is not, per se, restrictive or unreasonable when applied to all types of insurance contracts. However, such a limitation is overly restrictive and unreasonable when applied to the uninsured motorist coverage in an insurance policy.

mined that a plaintiff should have no greater procedural rights than she would have if the tortfeasor were insured. It must also follow that a plaintiff should not have less procedural rights than he would have if the tortfeasor were insured. This result is necessary to fulfill the purpose of the statute.

Moreover, the financial or substantive protection is inherently related to the fact that an insurance company is available for the recovery. Globe American argues that Scalf still has his right to sue the tortfeasor. However, the statute recognizes that the need for uninsured motorist provisions is, generally, the inability to recover against an uninsured motorist. *See American States Insurance Company v. Williams*, (1972) 151 Ind.App. 99, 278 N.E.2d 295, 301. Thus to provide Scalf with the same financial protection he would have had if he were injured by an insured motorist, he must be able to pursue his remedy against his insurance carrier for the same time period he would be able to pursue his claim against an insured tortfeasor's insurance carrier. Enforcement of the contractual one-year limit in the uninsured motorist provision would place Scalf in a substantially different position than he would have been if the tortfeasor had carried the required coverage.

Globe American also argues that insurers would lose their right of subrogation or have it impaired without this policy limitation. Our statute recognizes the right of subrogation held by the insurer and that the insurer may require the insured to take all necessary steps to protect and preserve that right. Ind.Code 27–7–5–1. The Globe American policy contains the following provisions:

*Trust Agreement:* In the event of payment to any person under this Coverage:

.    .    .    .    .

(b) such person shall hold in trust for the benefit of the company all rights of recovery which he shall have against such other person or organization because of the damages which are the subject of claim made under this Coverage;

(c) such person shall do whatever is proper to secure and shall do nothing after loss to prejudice such rights.

That provision together with the statute requires the insured to either bring suit against the uninsured motorist within two years or give the insurer such reasonable notice of the nature of the claim so it may assert its subrogation claim within two years of the accident. *American States Insurance Company, supra.* In addition, the insured is required to give prompt notice of his loss regardless of the amount of time allowed for suit to be filed. Thus, the fear of losing subrogation rights by eliminating this provision is an illusory one.

We reverse.

MILLER, J. and SHIELDS, J. (sitting by designation), concur.