**Ronna L. ELKINS, Appellant,**

v.

**KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANY, Appellee.**

No. 91–CA–984–S.

Court of Appeals of Kentucky.

May 22, 1992.

As Modified June 5, 1992.

Rehearing Denied Sept. 11, 1992.

Discretionary Review Denied by Supreme Court Feb. 10, 1993.

Melbourne Mills, Jr., Versailles, for appellant.

R. Craig Reinhardt, Lexington, for appellee.

Before HOWERTON, STUMBO and WILHOIT, JJ.

HOWERTON, Judge.

Ronna L. Elkins appeals from a summary judgment entered by the Fayette Circuit Court in favor of Kentucky Farm Bureau Mutual Insurance Company (Farm Bureau). The court held that, under the uninsured motorist coverage endorsement of her policy, Elkins' claim was time barred by the policy's one-year limitation provision. Elkins argues that the one-year limit is impermissible, as it conflicts with the two-year limitation allowed by the Motor Vehicle Reparations Act (M.V.R.A.). We agree, and for reasons stated below, we reverse.

Elkins was injured in an automobile accident on April 29, 1989. Two weeks later, on May 16, 1989, the driver of the other car involved in the accident pled guilty to a charge of not having automobile liability insurance. In December of 1989, Elkins' attorney advised Farm Bureau by letter

that she intended to make a claim under the uninsured motorist provision of her policy. Elkins continued to receive medical treatment for more than a year after the date of the collision, and her record of personal injury protection benefits shows that Farm Bureau was making payments to her as late as June 25, 1990.

Elkins filed suit against the operator of the other vehicle and Farm Bureau in December 1990. The summary judgment for Farm Bureau was entered on March 27, 1991, and this appeal followed.

The trial court stated it believed itself bound by this Court's decision in *Webb v. Kentucky Farm Bureau Insurance Company*, Ky.App., 577 S.W.2d 17 (1978). In *Webb*, an insured brought suit against his own insurance carrier, Farm Bureau, to recover for a fire loss under his homeowner's policy. The trial court dismissed the suit because it was not brought within 12 months following the loss, as required by the policy. This Court affirmed, holding that, absent an inhibitive statute, a limitation for a period shorter than that provided by the statute could be legally written into an insurance policy, if it was not unreasonably short.

We find *Webb* to be inapposite to the case at bar. For one thing, the rights under a fire insurance policy can be ascertained on the date of the loss or soon thereafter, and one year is not an unreasonably short time to require that a suit be commenced. Second, *Webb* involved a conflict between the one-year contract limit and the fifteen-year limit for suing on a written contract, as provided by KRS 403.-090. Comparing *Webb* to the situation before us is like comparing the proverbial oranges and apples. Simply stated, *Webb* is not controlling in this case.

KRS 304.20–020(1) states, in pertinent part:

No automobile liability or motor vehicle liability policy of insurance ... shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in KRS 304.39–110 under provisions approved by the commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; provided that the named insured shall have the right to reject in writing such coverage....

Although this section does not mandate the acceptance of uninsured motorist coverage, it does mandate the offering of this coverage. Once the policyholder has determined his need, or desire, for such coverage and has paid the premiums for such coverage, the terms of the contract may not unduly or unreasonably restrict his utilization of this coverage. The Farm Bureau contract unduly restricts the availability of the benefits of this insurance.

While the general statute of limitations for personal injury claims provides for one year, KRS 413.140, when one is covered by the M.V.R.A., the time limit is at least two years from the date of the injury. KRS 304.39–230. Although the latter statute does not specifically refer to suing one's insurance carrier for uninsured or underinsured benefits, it makes no sense to allow two years (or more) to file a suit against an uninsured or underinsured tort-feasor and yet permit the insurer to escape liability if the suit involving it is not filed within one year. Such would not only be an unreasonably short time, but it would completely frustrate the no-fault insurance scheme.

We find no merit in Farm Bureau's argument that uninsured motorist coverage does not fall within the two-year limit allowed by KRS 304.39–230(6). Farm Bureau contends that the uninsured motorist coverage is required by Subtitle 20, whereas the limitations provisions are found in Subtitle 39. Subtitle 20—Casualty Insurance Contracts, and Subtitle 39—Motor Vehicle Reparations Act, go hand-in-hand. KRS 304.20–020 simply requires an insurer to offer uninsured motorist coverage as part of the contract. Otherwise, the provisions in Subtitle 39 control. We also note

that when the legislature decided to make underinsured motorist coverage a required offering, it was placed in Subtitle 39 as KRS 304.39–320. Whether this was some error or oversight, we will not speculate, because we certainly see no problem.

In invalidating a one-year contract limitation requiring that an uninsured motorist claim be commenced within 12 months of the date of the loss, we join the majority of states who have addressed the issue. *See Scalf v. Globe American Casualty Co.,* 442 N.E.2d 8 (Ind.Ct.App.1982); *Sandoval v. Valdez,* 91 N.M. 705, 580 P.2d 131 (Ct. App.1978); *Signal Insurance Co. v. Walden,* 10 Wash.App. 350, 517 P.2d 611 (1973); *Burgo v. Illinois Farmers Insurance Co.,* 8 Ill.App.3d 259, 290 N.E.2d 371 (1972); *Nixon v. Farmers Insurance Exchange,* 56 Wis.2d 1, 201 N.W.2d 543 (1972); *but see Colvin v. Globe American Casualty Co.,* 69 Ohio St.2d 293, 432 N.E.2d 167 (1982).

We find persuasive the reasoning of the court in *Scalf, supra,* in which it held that the one-year limitation in the uninsured motorist section of Globe American's policy

> inhibits the fulfillment of the purpose that a claimant should have the same rights as he would have against an insured third party. This provision is an attempt by the insurer to dilute and to diminish the protection of the uninsured motorist statute. As such, it is contrary to public policy.

*Scalf,* 442 N.E.2d at 10. Although Kentucky, unlike Indiana, allows uninsured motorist coverage to have "reasonable exclusions," *Belcher v. Travelers Indemnity Company,* Ky., 740 S.W.2d 952 (1987), we nevertheless find the language in *Scalf* appropriate and Farm Bureau's one-year limit unreasonable.

This decision in no way derogates the rule enunciated in *Webb, supra,* that a shortening of the limitation period in which an action must be brought is not *per se* restrictive or unreasonable when applied to all types of insurance contracts. However, when applied to uninsured motorist coverage in an automobile insurance policy, such a limitation is overly restrictive, unreasonable, and limits coverage otherwise allowed by statute.

The judgment of the Fayette Circuit Court is reversed, and this case is remanded for further proceedings.

STUMBO, J., concurs.

WILHOIT, J., concurs in result and files a separate opinion.

WILHOIT, Judge, concurring.

I concur in the result reached by the majority because I believe the one-year contractual limitation is unreasonable in view of the public policy expressed in the Motor Vehicle Reparations Act. However, I am unable to see how an action based on a contract can "fall within the two-year limit allowed by KRS 304.39–230(6)," which deals with tort actions.