Robin GORDON, Appellant,

v.

**KENTUCKY FARM BUREAU
INSURANCE COMPANY,**
Appellee.

No. 94–SC–900–DG.

Supreme Court of Kentucky.

Oct. 19, 1995.

Rehearing Denied Feb. 22, 1996.

Jim M. Alexander, Alexander & Horn, Lexington, for Appellant.

Elizabeth S. Feamster, Guy Colson, Fowler, Measle & Bell, Lexington, for Appellee.

FUQUA, Justice.

On December 18, 1992, appellant Robin Gordon filed suit against appellee Kentucky Farm Bureau Insurance Company to collect uninsured motorist benefits arising out of an accident which occurred in Bourbon County, Kentucky, on July 26, 1990, in which the appellant, who was age seventeen at that time, was bodily injured when a motorcycle on which he was a passenger, and which was being driven by one uninsured Michael Gilvin, slid into another vehicle. Appellant was apparently living in the home of his father, Charles Gordon, and his father had in effect at that time a policy of insurance from the appellee which provided uninsured motorist coverage in the amount of $100,000 for all family resident members of his household. This policy also contained a one-year limitation on bringing an action on an uninsured claim as well as the usual requirement of prompt notice to the carrier.

This action was filed on December 18, 1992. The trial court granted appellee's motion for summary judgment on two grounds. First, it ruled that the action was barred by the two-year limitation period provided in the Motor Vehicle Reparations Act, KRS 304.39–230(6). As a second ground, the court concluded "that the nearly two-year delay in having notice of the accident is a sufficient demonstration that Farm Bureau has been prejudiced by the late notice." The Court of Appeals affirmed by a two-to-one vote on the statute of limitations issue and found it unnecessary to address the notice issue.

■ The primary issue before this Court is what time limitation applies to a claim for uninsured motorist benefits in view of the decision of the Kentucky Court of Appeals in *Elkins v. Kentucky Farm Bureau Mutual Insurance Company,* Ky.App., 844 S.W.2d 423 (1992).

In the case at bar, the Court of Appeals held that any uninsured motorist claim must be brought within the two-year period provided by KRS 304.39–230(6). In *Elkins,* the question was the validity of a provision within the uninsured motorist policy purporting to establish a one-year period of limitations. The Court of Appeals voided the contract provision, reasoning that:

> Although [KRS 304.39–230] does not specifically refer to suing one's insurance carrier for uninsured or underinsured benefits, it makes no sense to allow two years (or more) to file a suit against an uninsured or underinsured tort-feasor and yet permit the insurer to escape liability if the suit involving it is not filed within one year. Such would not only be an unreasonably short time, but it would completely frustrate the no-fault insurance scheme.
>
> We find no merit in [appellee's] argument that uninsured motorist coverage does not fall within the two-year limit allowed by KRS 304.39–230(6).... KRS 304.20–020 simply requires an insurer to offer uninsured motorist coverage as part of the contract. Otherwise, the provisions in Subtitle 39 control.

*Id.* at 424.

From this language comes the proposition that *Elkins* holds that an action against one's

uninsured-motorist carrier must be brought within the two-year period provided by the MVRA. Judge Wilhoit, concurring in result in *Elkins,* foresaw the present issue:

> I am unable to see how an action based on a contract can "fall within the two-year limit allowed by KRS 304.39–230(6)," which deals with tort actions.

*Id.* at 425 (Wilhoit, J., concurring).

In the present case, the Court of Appeals, referring to the dicta in *Elkins,* specifically held that the two-year statute in the MVRA does apply. This Court agrees with Judge Huddleston's dissent, in which he notes that KRS 304.39–230(6) does not purport to limit actions on contracts, but by its very terms limits "an action for tort liability not abolished by KRS 304.39–060." This Court finds it illogical to adopt a general rule which would require a plaintiff to sue his own insurer before discovering whether or not the tort-feasor is in fact an uninsured motorist.

Neither the result nor the rationale of *Elkins* requires application of the MVRA statute of limitations to an action on a first-party insurance contract, nor is it necessarily controlling that the alleged tort-feasor is not a party to the action.

> From its inception, we have recognized [uninsured motorist] coverage is *first party coverage,* which means that it is a contractual obligation directly to the insured which must be honored even if the tort-feasor cannot be identified.... [T]he carrier may be sued without first obtaining a judgment against the uninsured motorist, or without the uninsured motorist being a party to the suit, albeit the potential liability of the damages he caused must be established in the suit against the insurer in order to measure the insurer's obligation to the insured under the policy.... UM coverage exists without regard to whether the obligation of the tort-feasor can be reduced to judgment....

*Coots v. Allstate Ins. Co.,* Ky., 853 S.W.2d 895, 898 (1993) (citations omitted; emphasis original).

■ In the absence of the contractual provision, invalid due to the ruling in *Elkins,*

we must look to the statute of limitations provided for in general contract law. KRS 413.090(2) provides a fifteen-year statute of limitations for general actions on a written contract. This fifteen-year period therefore applies in the present case. However, this should not be construed to inhibit the insurance companies from contracting with their insureds for a shorter period of time to file a contractual claim. Such period of time must be "reasonable" as required under *Elkins,* which required at least two years to file a contractual claim. This two-year period is not a result of the similar period provided for by the MVRA.[1]

■ The second issue regards actual notice to the insurance company which, as previously mentioned, was summarily decided by the trial court in appellee's favor and not ruled upon by the Court of Appeals. The record reveals little if any real proof upon this issue. Appellee filed a short and inconclusive affidavit made by its claims adjuster. Appellant filed an inconclusive affidavit of appellant's father. These two affidavits were all the proof in the record concerning this notice issue. There was sufficient conflict between the two affidavits to present a question of fact sufficient under *Steelvest v. Scansteel,* Ky., 807 S.W.2d 476 (1991), to create a triable issue. This issue of actual notice is one which should be addressed by the trier of fact upon remand of this case.

For the reasons hereinabove stated, it is, therefore, the holding of the Court that the rulings of the trial court and the Court of Appeals are hereby reversed and remanded to the trial court for further proceedings consistent with this opinion.

LAMBERT, STUMBO, and WINTERSHEIMER, JJ., concur in this opinion by FUQUA, J.

LEIBSON, J., concurs in results only by separate opinion.

REYNOLDS, J., dissents by separate opinion in which STEPHENS, C.J., joins.

LEIBSON, Justice, concurring in results only.

Respectfully, I concur in results only.

I would affirm the Court of Appeals on the issue as to whether the statutes of limitations in KRS 304.39–230 applies to this case. A reasonable interpretation of KRS 304.39–230 implies that subsection (6), which states "[a]n action for tort liability not abolished by KRS 304.39–060" shall have a two year statute of limitations, covers contract liability when the underlying basis for the contract claim is the tort liability of an uninsured or underinsured motorist.

I agree with the Court of Appeals' statement:

"Even though we have before us an action brought in contract, we would have no action whatsoever absent the personal injuries arising out of a tortious act, so we do not find it illogical to apply KRS 304.39–230(6) to an uninsured motorist claim under these circumstances."

Nevertheless, I would reverse the Court of Appeals because the language of KRS 304.39–230(1) and (2) *also applies* to this case. This means that, if on remand the evidence presented shows that no-fault benefits were paid, limitations would be extended by the payment of no-fault benefits up to "two (2) years after the last payment of benefits," but "not later than four (4) years after the accident, whichever is earlier."

Payment of no-fault benefits would mean the carrier had subrogation rights *and*, in addition, adequate notice of the underlying claim to which it is subrogated. The carrier knows better than the insured of its potential liability under its UM and UIM coverage.

Thus, if no-fault benefits were paid, it would extend the statute of limitations in this case.

I agree with the Majority Opinion on the notice issue. The appellant's brief states: "In the case at bar, the Appellee had actual notice of the claim at least as early as the spring of 1991," which would have been ade-

---

1. Perhaps the General Assembly may consider legislation creating a statute of limitations for

uninsured motorist contractual claims.

quate. The insurer does not deny actual notice but relies on the demand for written notice. The insurer concedes:

"In *Jones v. Bituminous Casualty Corp.*, Ky., 821 S.W.2d 798 (1991), this Court imposed upon insurers the burden of showing that it is 'reasonably probable that the insurance carrier suffered substantial prejudice from the delay in notice.'"

Under this standard I see no reason why, notwithstanding policy language, the insurer should be permitted to sit back and wait for formal written notice. No doubt the insurer, more than the insured, knew of its potential liability, and of the need to investigate, at the point it receives actual notice.

More evidence is needed before this Court should find, as a matter of law, as did the trial court, "a sufficient demonstration that Farm Bureau has been prejudiced by the late notice."

REYNOLDS, Justice, dissenting.

Respectfully, I dissent from the majority opinion.

The two-year statute of limitations set forth in Subsection 6 of KRS 304.39–230 should apply only to those tort actions within the purview of the Motor Vehicles Reparations Act. It is succinctly reasoned that although there appears in this case an action brought in contract, we would have no action whatsoever absent the personal injuries arising out of a tortious act and it is clearly logical to apply KRS 304.39–230(6) to an uninsured motorist claim under these circumstances. Said otherwise, if there is no tort liability, there is no responsibility to pay the tort judgment as provided by the contract.

Justice Leibson's concurring opinion, on this issue, is directly quoted as follows:

I would affirm the Court of Appeals on the issue as to whether the statutes of limitations in KRS 304.230 applies to this case. A reasonable interpretation of KRS 304.39–230 implies that subsection (6), which states "[a]n action for tort liability not abolished by KRS 304.39–060" shall have a two year statute of limitations, covers contract liability when the underlying basis for the contract claim is the tort liability of an uninsured or underinsured motorist:

I agree with the Court of Appeals' statement:

"Even though we have before us an action brought in contract, we would have no action whatsoever absent the personal injuries arising out of a tortious act, so we do not find it illogical to apply KRS 304.39–230(6) to an uninsured motorist claim under these circumstances."

The majority's characterization of the notice issue is faulty. The accident occurred July 26, 1990. Indicative of a failure of promptness or timeliness, the appellee was furnished written notice July 14, 1992. Appellant's best allegation that the insurance company had actual notice in the spring of 1991 alleged to have arisen from a "by the way, my son got hurt in a motorcycle accident." Proof thereof is but illusionary. While the manner of notice need not, in all cases, be an exacting one, it should be basically informational.

Appellee and the majority correctly cite *Jones v. Bituminous Casualty, Inc.*, Ky., 821 S.W.2d 798 (1991), for the proposition that the insurer carries the burden of proving prejudice. In contrast to the majority, however, I believe Kentucky Farm Bureau has sufficiently carried this burden. Kentucky Farm Bureau, by affidavit, has shown that notice was not prompt (even if they had actual notice in spring of 1991) and they were prejudiced by such in their inability to locate the driver of the motorcycle, to determine if indeed he was uninsured, to determine from the driver the precise circumstances of the accident, and to adequately investigate the claim due to witnesses' memory impairment. If such does not satisfy the insurer's burden of proof, I dare say an insurer would be hard pressed to ever prove prejudice.

"Prejudice will be found where the delay 'materially' impairs an insurer's ability to test its liability to an insured or the liability of an insured to a third party." *West Bay Exploration Co. v. AIG Specialty Agencies, Inc.*, 915 F.2d 1030, 1036–37 (6th Cir., 1990).

For the reasons stated above, I would affirm the opinion of the Court of Appeals.

STEPHENS, C.J., joins this dissent.