**Jeanne K. BROWN Plaintiff**

v.

**STATE AUTO, etc., et al. Defendants**

**No. CIV.A.1:01CV–52–M.**

United States District Court,
W.D. Kentucky,
Bowling Green Division.

Sept. 19, 2001.

Kurt W. Maier, English, Lucas, Priest & Owsley, Bowling Green, KY, William Colvin, Greensburg, KY, William H. Hall, Jr., Cox & Hall, Campbellsville, KY, for Plaintiff.

Barton D. Darrell, Melanie Kennedy Cook, Bell, Orr, Ayers & Moore, Bowling Green, KY, for Defendant.

1. The terms "basic reparation benefits" (BRB) and "personal injury protection" (PIP) benefits are commonly "used interchangeably in describing what are often referred to as 'no-fault' benefits.... mandated by K.R.S. 304.39–080(5) and K.R.S. 304.39–110(1)(c)." *Lawson v. Helton Sanitation, Inc.*, 34 S.W.3d 52, 54 n. 1 (Ky.2000).

## MEMORANDUM OPINION AND ORDERS ON CROSS MOTIONS FOR SUMMARY JUDGMENT

MCKINLEY, District Judge.

This matter is before the Court on cross motions for summary judgment filed by the Defendants [DN 5], State Auto Property & Casualty Insurance Company and State Auto Insurance Companies (collectively referred to herein as "State Auto"), and by the Plaintiff [DN 6], Jeanne K. Brown ("Brown"). The parties have fully briefed the issues and the matter is ripe for determination. The Court has reviewed the parties' filings and the record herein and its rulings are set forth below.

### I. BACKGROUND

This case arises from injuries received by Brown in a motor vehicle accident involving an allegedly underinsured motorist. The primary issue presented here is whether, under Kentucky law, a contractual limitation requiring an insured to bring a claim for underinsured motorist benefits against her insurer within two years of the date of an accident is unreasonable-and therefore invalid and unenforceable.

Under the Kentucky Motor Vehicle Reparations Act ("MVRA"), any action by Brown in *tort* for injuries sustained in the accident had to be commenced either within two years of the date of the accident, or within two years of the date the final basic reparation (PIP) benefit was paid, whichever was later.[1] *See* K.R.S. 304 .39–230. Brown timely filed a tort action against Bell in the Taylor (Ky.) Circuit Court. State Auto was kept abreast of that litigation, as well as Brown's intention to seek underinsured benefits if necessary. The

case against Bell quickly settled, with State Auto's approval, for the limits of Bell's liability policy.

Brown contends here that the settlement monies were insufficient to cover all of her damages. Several times a year she had forwarded various medical records and other information to State Auto as would relate to a claim for underinsured benefits. Considerable correspondence between the parties reveals that, although they had often discussed such a claim, Brown wished to delay making a formal claim until the extent of her underinsured damages could be more precisely determined. Over four and a half years after the date of the accident, she made a settlement offer to State Auto, though no legal action had ever been filed. State Auto rejected the claim as untimely under both Kentucky law and the terms of the parties' contract.[2]

The contract of insurance between Brown and State Auto purports to limit the time in which Brown may take legal action against State Auto for underinsured motorist benefits. The relevant policy provision states that:

> Under Uninsured or Underinsured Motorists Coverage of this policy, if provided, no legal action or arbitration proceeding may be brought against us [State Auto] unless the action or proceeding is begun within two years of the date of the accident.

(Defs.' Mem., Ex. A.) The background facts presented here are not in dispute and are summarized below.

**June 23, 1996:** Brown and Mae Bell are involved in a motor vehicle accident in Taylor County, Kentucky.

**June 11, 1997:** Final PIP payment is made by State Auto.

**Aug. 27, 1997:** State Auto is given "Notice that Jeanne Brown intends to pursue a claim for Underinsured Motorist Coverage should [Bell's] liability [coverage] be insufficient to pay all of [Brown's] damages."

**Sep. 22, 1997:** State Auto informs Brown that "once [the] limits of [Bell's] policy have been offered," State Auto will "review a[n] underinsured motorist claim."

**May 27, 1998:** Brown brings action for damages against Bell in Taylor Circuit Court.

**June 18, 1998:** Brown forwards State Auto a copy of her complaint in *Brown v. Bell* and again expresses her intent to pursue an underinsured motorist claim. She notes that she does not plan to bring State Auto in as a party in *Brown v. Bell*, but "wanted to let you know what is happening so State Auto may take whatever action it deems appropriate concerning [the] UIM claim."

**June 23, 1998:** The period in which to bring legal action against State Auto for UIM benefits expires pursuant to the terms of the contract of insurance (two years after date of accident).

**Sep. 4, 1998:** Brown informs State Auto that Bell's insurer has offered the liability policy limits. She also states that "at this time it does not appear that her additional damages will exhaust her UIM coverage, but she has not authorized me to make a demand on her UIM at this time."

**Oct. 7, 1998:** State Auto gives Brown permission to accept the liability coverage offer, waiving its subrogation rights as to its PIP payments.

**Oct.1998:** Brown settles her claim against Bell for the liability policy limits.

---

2. As will be evident from the cases discussed herein, the claim is not untimely under any applicable limitations period under Kentucky law. If it is untimely, it must be because of a valid contractual limitation.

**Oct. 27, 1998:** Brown notifies State Auto that she "does not have sufficient information as of this date to try to settle her UIM claim and wants to wait about six months to decide."

**Nov. 5, 1998:** Brown again informs State Auto that she "wants to wait until about April [1999] before proposing a settlement of her UIM claim."

**June 11, 1999:** Statute of limitations period expires for tort claims pursuant to K.R.S. 304.39–230 (two years after final PIP payment made).

**Aug. 24, 1999:** Brown forwards to State Auto copies of certain medical records for June–August, 1999.

**Feb. 17, 2000:** Brown notifies State Auto that "[w]hen [her orthopedic surgeon] is of the opinion [that] she has reached maximum medical improvement, we will explore settlement, but all the information now available indicates her damages exceed the limits of her UIM coverage."

**Jan. 26, 2001:** Brown sends State Auto her "proposal to settle her Underinsured Motorists Coverage claim[.]"

**Feb. 6, 2001:** State Auto rejects the proposed settlement, contending that any UIM claim is time barred by (1) the Kentucky statute of limitations governing motor vehicle accidents, and (2) the limitation period in the contract of insurance.

**Mar. 30, 2001:** Brown files this lawsuit.

## II. DISCUSSION

The Kentucky courts have addressed the issue of contractual limitations in the context of uninsured motorist coverage, and the Court believes that those decisions ap-ply to cases involving underinsured motorist benefits.[3] As will be discussed below, if the two year contractual limitation in the policy is reasonable, the Plaintiff's complaint is time barred and must be dismissed. If the limitation is unreasonable, the fifteen year statute of limitations governing actions on written contracts applies and the Plaintiff's claims may proceed. Both parties contend that summary judgment in their favor is warranted by the application of a trilogy of Kentucky cases: *Webb v. Kentucky Farm Bureau Insurance Co.*, 577 S.W.2d 17 (Ky.App.1978), *Elkins v. Kentucky Farm Bureau Mutual Insurance Co.*, 844 S.W.2d 423 (Ky.App. 1992), and *Gordon v. Kentucky Farm Bureau Insurance Co.*, 914 S.W.2d 331 (Ky. 1995).

The first case, *Webb*, involved the issue of whether a provision in a homeowner's policy could limit the fifteen year statute of limitations generally applicable to actions on written contracts. The policy provided that legal action against the insurer must be commenced within one year of the date of the loss. The plaintiff's home and its contents were destroyed by fire and, more than one year after the fire, he filed suit against the insurer. The trial court, relying on the one-year contractual limitation, granted summary judgment. The Kentucky Court of Appeals affirmed.

The *Webb* court held that parties to an insurance contract may limit the time period in which to bring a legal action against the insurer so long as the limitation is reasonable and not otherwise prohibited by statute, *see Webb*, 577 S.W.2d at

---

**3.** Although the two primary cases discussed herein involved uninsured rather than underinsured benefits, those courts commonly referred to "uninsured or underinsured benefits" and "an uninsured or underinsured tortfeasor," *Elkins*, 844 S.W.2d at 424; *Gor-*don, 914 S.W.2d at 332 (quoting *Elkins*), and the "liability of an uninsured or underinsured motorist," *Gordon*, 914 S.W.2d at 333 (Liebson, J., concurring in result only), without distinguishing between the two.

18–19, and found the one-year limitation to be reasonable.

In *Elkins* the Kentucky Court of Appeals expressly rejected the insurer's contention that the reasonableness determination in *Webb* applies to similar limitations in automobile policies. The plaintiff in *Elkins* was injured by a third party who had no automobile liability insurance. The plaintiff's policy offered her uninsured motorist protection, but also contained a provision requiring that uninsured motorist benefits claims be commenced within one year from the date of the accident. Over a year and a half after the accident, she filed suit against both the other (uninsured) driver and her uninsured motorist coverage carrier.[4] The trial court, relying on *Webb* and the limitation in the contract, granted the insurer's motion for summary judgment. The court of appeals reversed.

The appellate court found that the *Webb* court's determination that the one-year limitation was reasonable did not apply to uninsured motorist coverage, in part because although an insured's rights under a fire insurance policy can be ascertained on the date of the loss or soon thereafter, *Elkins*, 844 S.W.2d at 423, the same can not be said of an insured's ability to determine his rights as relate to injuries caused by a potentially uninsured or underinsured third party tortfeasor in an automobile accident, *see id.*

The two-judge majority in *Elkins* found that the one-year contractual limitation on actions related to uninsured motorist benefits was unreasonable. The majority's reasoning was largely based on the tension created between the contract and MVRA's longer statute of limitations. The court stated that

it makes no sense to allow two years (or more) to file suit against an uninsured or underinsured tort-feasor and yet permit the insurer to escape liability if the suit involving it is not filed within one year. *Id.* at 424. The majority believed that an insured seeking uninsured motorist benefits from his insurer " 'should have the same rights as he would have had against an insured third party.' " *Id.* at 425 (citation omitted).

The court stated that its holding did not affect the general rule announced in *Webb*, that limitations periods in contracts of insurance are not *per se* restrictive or unreasonable. Rather, the court held that "when applied to uninsured motorist coverage in an automobile insurance policy," a contractual limitation period shorter than the limitations period contained in MVRA is restrictive and unreasonable. *See id.*

Judge Wilhoit concurred in the result, believing that the one-year limitation was unreasonable in light of the public policy considerations embodied in the MVRA. He questioned the majority's analysis, however, insofar as it seemed to imply that the insured's underinsured claim would otherwise be governed by the MVRA tort claim statute of limitations, rather than the general limitations period applicable to written contracts. *See id.* (Wilhoit, J., concurring in result).

In 1995, the Kentucky Supreme Court addressed the issue foreseen by Judge Wilhoit in *Elkins;* namely, what limitations period applies when a contractual limitation is stricken as unreasonable? Like the policy in *Elkins*, the automobile insurance policy in *Gordon* contained an one-year limitation on uninsured motorist

---

4. As here, the plaintiff's counsel had advised the insurer, during the limitations period, that they intended to make a claim for uninsured motorist benefits, although she failed to file any legal action to that effect within one year of the accident as required by the contract. Also as in this case, the *Elkins* court did not address the possible effect of those discussions.

claims. The plaintiff brought suit for uninsured benefits twenty-nine months after the accident occurred. After striking the one year contractual limitation as unreasonable,[5] the trial court applied the two year MVRA statute of limitations and dismissed the claim as untimely. The Court of Appeals, by two-to-one vote, affirmed.[6] A divided Supreme Court reversed, holding that where a contractual limitation on uninsured motorist claims is deemed unreasonable pursuant to *Elkins*, Kentucky's fifteen year written contract statute of limitations applies.[7] *Gordon*, 914 S.W.2d at 332; *see also* K.R.S. 413.090(2).

■ This much is clear: under both *Elkins* and *Gordon*, one-year limitations are unreasonable. Furthermore, in the absence of a valid contractual provision to the contrary, the limitations period for contractual underinsured motorist benefits claims is fifteen years. In the present case, the Plaintiff urges the Court to deem the contractual limitation period unreasonable because it is shorter than the period in which to file an action against the alleged tortfeasor under the MVRA. The Defendant suggests that *Gordon* must be read to hold that a two year contractual limitation is *per se* reasonable.

The Court does not agree with the Defendants' contention that *Gordon* "[held] that two years is a 'reasonable' limitation for filing a first party contract action[.]" (Defs.' Reply, p. 2.) *Gordon* contains no such holding. That court addressed the issue of what limitations period to apply to an uninsured motorist claim where a contractual limitation had already been deemed unreasonable pursuant to *Elkins*. The question of reasonableness was not an issue before the court.

The *Gordon* court did reiterate that an insurer may contract with its insured for a shorter period of time in which to file uninsured benefits claims, so long as the contractual limitations period is reasonable. *Id.* at 333. The court then simply noted that the court of appeals in *Elkins* had found a two year limitation period to be reasonable. This Court does not believe the majority in *Gordon* intended to hold that two-year limitations periods are *per se* reasonable. If that it what they intended, they would have simply said so.

Nor can the Court agree with the Plaintiff's contention that the contractual limitation period unreasonable simply because it is shorter than the period in which to file an action against the alleged tortfeasor under the MVRA. This contention was seemingly rejected in *Gordon*. On the other hand, the argument that the two-year limitation period here is unreasonable has considerable support in *Gordon*'s express finding that it would be "illogical to

---

**5.** Although it is unclear from the published opinion, apparently both the trial court and the court of appeals found the contractual limitation unreasonable pursuant to *Elkins*.

**6.** In his dissent, Judge Huddleston took the position that Judge Wilhoit had taken in *Elkins;* namely, that the limitations periods in the MVRA were addressed to tort actions, not actions based on contracts. *See Gordon*, 914 S.W.2d at 332 (noting Judge Huddleston's dissent).

**7.** Three Justices felt that although the uninsured motorist claims were contract based, the MVRA tort claim statute of limitations might nonetheless apply. Justice Liebson opined that although the insurer's liability is based on its contract, "the underlying basis for the contract claim is the tort liability of an uninsured or underinsured motorist." *Gordon*, 914 S.W.2d at 333 (Liebson, J., concurring in result only). Stated differently, Justices Reynolds and Stephens believed that result would be appropriate because "although there appears in this case an action brought in contract, we would have no action whatsoever absent the personal injuries arising out of the tortious act" of the uninsured motorist. *Id.* at 334 (Reynolds, J., dissenting).

adopt a general rule which would require a plaintiff to sue his own insurer before discovering whether or not the tortfeasor is in fact an uninsured motorist." *Id.* at 332. In that respect, the Kentucky Supreme Court was in full agreement with the court of appeals in *Elkins,* which found that " 'it makes no sense to allow two years (or more) to file a suit against an uninsured of underinsured tort-feasor and yet permit the insurer to escape liability if the suit involving it is not filed within one year.'" *Id.* (quoting *Elkins,* 844 S.W.2d at 424). Although the *Gordon* court made clear that the two-year limitations period in the MVRA is not the basis of reasonableness determination under *Elkins, see id.* at 333 ("this two-year period is not the result of the similar period provided for by the MVRA"), the court did not elaborate on what the period *was* the result of.

This Court believes that the a fair reading of *Gordon* demonstrates three key points: (1) that the MVRA does not govern contract-based actions seeking underinsured motorist benefits; (2) that any contractual limitations period must be reasonable; and (3) that it is illogical-in other words, unreasonable-to require a plaintiff to sue her own insurer for uninsured motorist benefits before being required to discover whether or not the tortfeasor is in fact an uninsured motorist. This Court believes that the Kentucky Supreme Court would not make any distinction between uninsured motorists and underinsured motorists in this context, and would likewise find it unreasonable to require an insured to sue her insurer for underinsured motorist benefits prior to being required to sue the tortfeasor, and thus to determine whether or not the tortfeasor is in fact underinsured.

Accordingly, the Court finds that the two-year contractual limitation on bringing underinsured motorist benefits claims is unreasonable and therefore invalid. The fifteen year statute of limitations for general actions on written contracts applies, and the Plaintiff's complaint is timely.

### III. CONCLUSION and ORDERS

For the reasons set forth above, **IT IS HEREBY ORDERED** that:

1. The Defendants' motion [DN 5] for summary judgment is **DENIED**;

2. The Plaintiff's motion [DN 6] for summary judgment is **GRANTED**.