File Name: 06a0222n.06
Filed: March 29, 2006

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

NO. 05-5481
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

WENDELL PIKE,                              )
                                           )
            Plaintiff-Appellant,           )    APPEAL FROM THE UNITED
                                           )    STATES DISTRICT COURT FOR
      v.                                   )    THE WESTERN DISTRICT OF
                                           )     KENTUCKY
GOVERNMENT EMPLOYEES INS. CO.,             )
                                           )
            Defendant-Appellee.            )

BEFORE: MOORE and McKEAGUE, Circuit Judges; and POLSTER, District Judge.[*]

      **Dan Aaron Polster, District Judge.**    Plaintiff Wendell Pike appeals the district court's

dismissal of his underinsured motorist ("UIM") claim against his automobile insurance carrier,

Defendant Government Employees Insurance Co. ("GEICO"). Pike was injured in a motor vehicle

accident caused by the negligence of an underinsured motorist. After settling his claim against the

tortfeasor's insurance carrier for the policy limits, Pike notified GEICO of the settlement and made

a demand for payment of damages in excess of the settlement figure. GEICO denied Pike's request,

---

[*]The Honorable Dan Aaron Polster, United States District Judge for the Northern District
of Ohio, sitting by designation.

and Pike brought a claim for UIM benefits against GEICO in state court. GEICO removed the case to federal district court and promptly moved to dismiss Pike's claim on the basis that it was filed after the limitation period contained in the policy expired. Pike contended that the contractual limitation period was unreasonable under *Brown v. State Auto*, 189 F.Supp.2d 665 (W.D. Ky. 2001) and *Gordon v. Kentucky Farm Bureau Ins. Co.*, 914 S.W.2d 331 (Ky. 1995); thus, the 15-year statutory limitation period for contract claims should apply to his claim.

The district court granted GEICO's motion and dismissed the case as time-barred. The court reviewed *Brown* and *Gordon*, distinguished those cases and concluded that the contractual limitation period set forth in the parties' contract was reasonable. For the following reasons, we **AFFIRM**.

## I.   BACKGROUND

This case arises from a motor vehicle accident that occurred in Louisville, Kentucky on November 21, 2000 between Wendell Pike and Tammy Stear. The collision occurred while Pike was working as a mail carrier for the United States Postal Service. As a result of the collision, Pike sustained serious injuries. Since he was working at the time of the accident, his medical bills and associated expenses were paid, and continue to be paid, by the Postal Service's worker's compensation insurance carrier.

The tortfeasor, Tammy Stear, had a policy of liability insurance which provided a maximum of $50,000. On or about May 15, 2003, Pike settled his personal injury claim against Stear for the policy limits.

On May 21, 2003, Pike's counsel sent a letter to GEICO notifying it of the settlement and providing GEICO an opportunity to protect its right of subrogation against Stear, pursuant to K.R.S. 304.39-320 and *Coots v. Allstate*, 853 S.W.2d 895 (Ky. 1993). This is the first time GEICO was

informed that Pike was involved in a car accident. GEICO sent notice of its election to protect its subrogation rights and its intent to substitute payment of the policy limits of the tortfeasor in the amount of $50,000. On September 25, 2003, Pike demanded the full limits of GEICO's UIM coverage. GEICO denied Pike's claim because he failed to comply with the policy's notice provision and because he brought his claim after the limitation period contained in the policy had expired. Under the relevant policy provision,

> [s]uit will not lie against [GEICO] unless the insured and his legal representative have fully complied with all the policy terms. Any legal action to recover underinsured motorist benefits must be commenced within the period prescribed by Kentucky law for the filing of a personal injury action arising out of a motor vehicle accident.

*J.A.* at 3. Under the Kentucky Motor Vehicle Reparations Act ("MVRA"), any action brought in tort for injuries sustained in a car accident must be commenced either within two years of the date of the accident, or within two years of the date the final basic or added reparation ("PIP") benefit was paid, whichever is later. *Brown*, 189 F.Supp.2d at 666 (citing K.R.S. 304.39-230).

On February 5, 2004, Pike sued GEICO in state court for UIM coverage. GEICO removed the case to federal court based on diversity jurisdiction and filed a motion to dismiss. GEICO argued that Pike's claim should be dismissed because it was time-barred and because Pike failed to join an indispensable party – presumably, Tammy Stear. Pike countered that his claim was not time-barred because the general, fifteen-year statute of limitations for contract claims applied to his claim under the authority of *Brown*. Moreover, equity and fairness dictated that his UIM claim should not be dismissed simply because his medical bills were paid by worker's compensation and not his PIP carrier. Pike also argued that Tammy Stear was not an indispensable party because this was a direct contract action against the insurance company.

3

The district court granted GEICO's motion based on the expiration of the contractual limitation period, finding it unnecessary to rule on the notice issue. The district court contrasted the limitation period in GEICO's policy, which was a flexible period that dovetailed with the limitation period in the MVRA, with the rigid two-year period in the policies which the courts in *Brown* and *Gordon* deemed unreasonable. The court below quoted the reasoning of the district court in *Brown*:

> This court believes that the fair reading of *Gordon* demonstrates three key points: (1) that the MVRA does not govern contract-based actions seeking underinsured motorist benefits; (2) that any contractual limitations period must be reasonable; and (3) that it is illogical – in other words, unreasonable – to require a plaintiff to sue her own insurer for uninsured motorist benefits before being required to discover whether or not the tortfeasor is in fact an uninsured motorist. This Court believes that the Kentucky Supreme Court would not make any distinction between uninsured motorists and underinsured motorists in this context, and would likewise find it unreasonable to require an insured to sue her insurer for underinsured motorist benefits prior to being required to sue the tortfeasor and thus to determine whether or not the tortfeasor is in fact underinsured.

J.A. at 3 (quoting *Brown*, 189 F.Supp.2d at 670-71). The court below read *Brown* as holding that the fifteen-year statute of limitation for bringing contract claims governs a claim for UIM benefits unless the insurance policy contains a reasonable limitation period prescribing a shorter length of time. Because the GEICO policy avoided the flaw in the policies analyzed by the *Brown* court, it was reasonable and Pike's lawsuit was time-barred. Pike filed a timely notice of appeal.

## II.

### A. Jurisdiction

The district court had jurisdiction over this diversity case pursuant to 28 U.S.C. § 1332, because the parties are citizens of different states and the amount in controversy exceeds $75,000.

4

*See Lee-Lipstreu v. Chubb Group of Ins. Cos.*, 329 F.3d 898, 899-900 (6th Cir. 2003). We have jurisdiction over the district court's final judgment pursuant to 28 U.S.C. § 1291.

**B.      Standard of Review**

A district court's decision granting a motion to dismiss based on the statute of limitations is reviewed *de novo*. *Simon v. Pfizer Inc.*, 398 F.3d 765, 772 (6th Cir. 2005)*; Hogan v. United States*, 42 Fed. Appx. 717, 721 (6th Cir. 2002) (citing *Tolbert v. State of Ohio Dept. of Transp.*, 172 F.3d 934, 938 (6th Cir.1999).

**C.      Merits**

The issue on appeal is whether a contractual limitation for bringing UIM claims that tracks the statutory MVRA limitation period is unreasonable under *Brown* and *Gordon*. In Kentucky, the statutory period of limitation for a written contract, such as an insurance policy, is fifteen years after the cause of action accrued. K.R.S. 413.090(2). Parties to an insurance contract may, however, limit the time in which to bring a claim against an insurance carrier so long as the time limit is reasonable. *Webb v. Kentucky Farm Bureau Ins. Co.*, 577 S.W.2d 17, 18 (Ky. Ct. App. 1978) (citing *Riddlesbarger v. Hartford Ins. Co.,* 74 U.S. 386 (1868); *Lee v. Union Central Life Ins. Co.*, 56 S.W. 724 (Ky. Ct. App. 1900)). *See also Brown*, 189 F.Supp.2d at 670; *Gordon*, 914 S.W.2d at 333; *Elkins v. Kentucky Farm Bureau Ins. Co.*, 844 S.W.2d 423, 427 (Ky. Ct. App. 1992). Where a policy limitation is deemed unreasonable, the fifteen-year statutory period for commencing contract claims in Kentucky applies. *Gordon*, 914 S.W.2d at 332.

With respect to uninsured or UIM contracts, Kentucky courts have held that a one-year policy limitation for bringing UIM claims against one's insurance carrier is unreasonable because it would require the insured to sue his carrier for UIM benefits long before he is required to sue the

5

tortfeasor. *Elkins*, 844 S.W.2d 423; *Gordon*, 914 S.W.2d 331. Also, a policy limitation requiring an insured to sue his UIM insurance carrier no later than two years from the date of the accident has been deemed unreasonable because it would require the insured to sue his carrier "before being required to discover whether or not the tortfeasor is in fact an uninsured [or underinsured] motorist." *Brown*, 189 F.Supp.2d at 671. This is presumably because the insured has no reason to investigate the tortfeasor's insurance status so long as reparation benefits are being paid.[1] There is, however, no case where a Kentucky court analyzed whether a policy limitation like the one in the instant case is reasonable. The cases cited by Pike in support of his position are distinguishable because none of those cases dealt with the flexible policy limitation involved in this case, i.e., "the period prescribed by Kentucky law for the filing of a personal injury action arising out of a motor vehicle accident."[2] *See Brown*, 189 F.Supp.2d 665 (refusing to enforce a UIM policy limitation of two years

---

[1]"A fundamental purpose of the [MVRA] is to 'provide prompt payment to victims of motor vehicle accidents without regard to whose negligence caused the accident in order to eliminate the inequities which fault-determination has created.'" *York v. Kentucky Farm Bureau Mut. Ins. Co.*, 156 S.W.3d 291, 294-95 (Ky. Ct. App. 2005) (citing K.R.S. 304.39-010(2)). "The entire MVRA scheme reflects a zero-sum approach where the injured persons' losses are fully compensated by a combination of reparation benefits, liability insurance and, if necessary, underinsured motorist coverage." *Saxe v. State Farm Murual Auto. Ins. Co.*, 955 S.W.2d 188, 191 (Ky. Ct. App. 1997); *Kentucky Nat'l Ins. Co. v. Bottoms*, No. 2002-CA-001767-MR, 2003 WL 22801196 at *2 (Ky. Ct. App. Nov. 25, 2003). The *Gordon* court noted that,

> [a]though KRS 304.39-230 does not specifically refer to suing one's insurance carrier for uninsured or underinsured benefits, it makes no sense to allow two years (or more) to file a suit against an uninsured or underinsured tort-feasor and yet permit the insurer to escape liability if the suit involving it is not filed within one year. Such would not only be an unreasonably short time, but it would complete frustrate the no-fault insurance scheme.

914 S.W.2d at 332.

[2]Pike repeatedly argues that the contractual limitation period in his UIM policy is two years. That is simply incorrect. The contractual limitation in his policy is a flexible one which

6

from the date of the accident); *Gordon*, 914 S.W.2d 331 (refusing to enforce a policy limitation of two years from the date of the accident). *See also Elkins*, 844 S.W.2d 423 (refusing to enforce a policy limitation of one year from date of accident). Furthermore, each of these decisions made clear that the rulings should <u>not</u> be construed to prohibit insurance companies from contracting with their insureds for a shorter period of time to file a contract claim. *Brown*, 189 F.Supp.2d at 670; *Gordon*, 914 S.W.2d at 333; *Elkins*, 844 S.W.2d at 425.

Having reviewed the relevant cases, the district court concluded that the policy limitation in this case was reasonable.

> The GEICO policy in issue here contains a provision which looks to the tort liability limitation in the MVRA. The MVRA prescribes a period of two years which may be extended by the payment of reparation benefits. Thus the time limit in which the claim for UIM benefits must be brought is exactly the same time as that in which suit must be filed against the tortfeasor, no less than two and possibly more than two years from the date of the injury. This period, which dovetails with the tort liability period of limitation, is reasonable inasmuch as it does not require the insured <u>under any circumstance</u> to file suit for UIM benefits prior to the expiration of the limitation period for filing suit against the tortfeasor.

J.A. at 4 (emphasis added). We agree. We also note that the district court was careful to point out that its decision did not contradict the ruling in *Gordon*, followed in *Brown*, that the MVRA does not govern contract actions seeking UIM benefits. Rather, it was the court's reasonableness inquiry which led it to conclude that the flexible limitation period contained in Pike's policy, which period

---

coexists with the MVRA's limitation period. In the case before us, the limitation period amounts to two years only because Pike did not receive any reparation benefits which would have tolled the contractual limitation period.

was coextensive with that contained in the MVRA, was reasonable.[3] Nothing in Pike's UIM policy requires Pike to file a claim for UIM benefits prior to suing a tortfeasor. Because the policy limitation does not conflict with the period of time prescribed by Kentucky law for filing a personal injury claim arising from a motor vehicle accident, we conclude that it is reasonable, and enforceable.

Pike also argues that GEICO is estopped from raising the contractual limitation period as a defense because of its conduct in advancing the tortfeasor's $50,000 settlement offer to Pike. However, GEICO was required by statute to substitute payment or waive its right of subrogation against the tortfeasor. K.R.S. 304.39-320(4). Additionally, to establish equitable estoppel, a plaintiff must show that his insurer fraudulently deceived or misled him into believing that it had abandoned or waived its limitation defense. *Johnson v. Culvert Fire Ins. Co.*, 183 S.W.2d 941 (Ky. Ct. App. 1944); *National Surety Marine Ins. Corp. v. Wheeler*, 257 S.W.2d 573 (Ky. Ct. App. 1953). Pike can make no such claim here since it is undisputed that the first time he notified GEICO that he had been in an accident, let alone asserted a UIM claim, was six months after the contractual limitation period expired.

Finally, Pike contends that equity and fairness warrant a reversal of the district court's ruling and that the ruling violates public policy. According to Pike,

> [t]he practical effect of affirming the Western District would mean that plaintiffs would lose their UIM claims because of something over which they have no control – which insurance company has primary responsibility for payment of his medical

---

[3]Contrary to Pike's assertions, the *Gordon* court addressed the issue of which limitations period to apply to an uninsured motorist claim where a policy limitation has already been deemed unreasonable – and concluded that the statutory fifteen-year period for bring contract claims applied. *See Brown*, 189 F.Supp.2d at 670. The district court in *Brown* noted that "[t]he question of reasonableness was not an issue before the [*Gordon*] court."

bills. It is manifestly unfair that [Pike] be penalized and forfeit a very viable and valuable UIM claim, for which he paid premiums for years, on limitations grounds simply because worker's compensation paid his medical bills rather than a PIP carrier.

*Final Brief of Plaintiff-Appellant*, at 24. This argument is meritless. It has long been established that parties may contract for a shorter limitation period than that provided by statute, and there is nothing sinister about the contractual limitation in this case which relies on Kentucky law. The district court did not dismiss Pike's claim because his medical bills were paid by the worker's compensation carrier, but because Pike failed to assert his claim for UIM benefits in a timely manner. Consequently, no public policy has been violated and there is no basis upon which to reverse the district court's ruling.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's dismissal of this case on the ground that it was commenced after the contractual limitation period expired.